Joseph T. Robinson *v.* Alexander Butler and another.

The omission of a plaintiff in an action against a married woman, to cause her to be authorized, either by her husband or the court, to defend the suit, rendering the proceedings absolutely null, will be noticed by the court, though it escape the attention of the parties. In such a case the judgment may be reversed, and the case remanded to enable the plaintiff to have the opposite party legally authorized to defend the action.

Appeal from the District Court of Claiborne, *King*, J.

*Lawson* and *Tuomey*, for the appellant.

*J. Taylor*, for the defendants.

Martin, J. The plaintiff is appellant from a judgment of non suit, in an action for the rescission of a sale made by one of the defendants to the other, the vendor being insolvent, and the sale having no other object than to give to the vendee an unjust preference over her co-creditors, for a very small sum, for which he has a claim against the vendor, who is her son.

There is an error apparent on the face of the record, which,

although our attention has not been drawn thereto by either of the parties, it is our duty to notice. One of the defendants being a married woman, it became necessary for the plaintiff in order to sustain his suit, to have had her authorized to defend it, either by her husband, or by the court. The husband being an absentee, both means were resorted to. The first was attempted in the petition, by a clause praying, that a curator might be appointed to him, and that he might be cited to come and assist his wife. The other was attempted by a motion in court, that the court might authorize the wife to defend the suit alone. We find no evidence of the appointment of such a curator. The plaintiff's motion to have the wife *authorized by the court* to defend the suit, is indeed spread on the record ; but the court intimated a desire to have some time to consider it, and the record does not show, that the plaintiff ever provoked a decision on his motion.

This error forms an absolute nullity, and one of those which relate to the good order of society. Errors of this kind are always noticed by the courts, although they escape the attention of the party against whose rights they militate.

It is, therefore, ordered, that the judgment be reversed, the verdict set aside, and the case remanded for further proceedings, with directions to the Judge to act on the plaintiff's motion for the authorization of the wife by the court ; the defendants paying the costs of the appeal.