No. 11,985.

AARON ARONSTEIN ET ALS. VS. JOHN F. IRVINE ET ALS.

In a suit by minors for the recovery of property illegally sold, an antecedent tender of the purchase price is not required. The defendant will be allowed to set up his claim in reconvention.

48   301
49  1482

48   301
s49  1478
104   119
48   301
123   156
124   860

Where the tutor purchases property at a sale of succession property, provoked by him, in which the minors may have an eventual interest, the final account showing the insolvency of the succession will not estop the minors from bringing suit for the revendication of the property, on the ground that the succession being insolvent, they have no interest in the same. The minors being placed on the account by the tutor for the homestead benefit. will not operate as a confession on their part as to absolute insolvency of the succession.

APPEAL from the Thirteenth Judicial District Court for the Parish of West Feliciana.  *Brame, J.*

*W. F. Kernan, Jos. L. Golsan* and *S. McC. Lawrason* for Plaintiffs, Appellants.

*W. W. Leake* for Defendants, Appellees.

Argued and submitted January 7, 1896.
Opinion handed down January 20, 1896.

The opinion of the court was delivered by

McENERY, J.   This case is here on an exception, which was maintained by the lower court, and plaintiffs appealed.

Louisa Aronstein died in 1878.  The surviving husband, tutor of the minor children of the marriage, administered her succession. John F. Irvine, defendant, was under-tutor.

The natural tutor, as administrator, caused the property in the succession to be sold to pay debts.  The only debt alleged to be due was one to L. Bloom for one thousand two hundred and fifty dollars, owned by the Metropolitan Bank, with eight per cent. interest from January, 1872.  The principal immovable property was inventoried at one thousand dollars; the entire succession at one thousand eight hundred and thirty dollars.  The note to L. Bloom, the final account shows, was subject to a credit of six hundred dollars, imputed to interest.  The personal property brought seven hundred and fifty dollars.  The immovable property was sold on twelve months' credit, and bought by the tutor for the sum of five hundred and one dollars. Subsequent to this purchase by the tutor he mortgaged the property to the defendant, Irvine, under-tutor, who foreclosed the mortgage and became the purchaser.  The plaintiffs, heirs of Mrs. Aronstein, for their respective interests, instituted this suit for the annulment

of the adjudication to their tutor and the sale to Irvine, who is pur- sued as a possessor, without title and in bad faith.    Fruits and reve nues are also claimed.    The tutor filed a final account, showing·cer tain payments of succession debts and the setting aside for the minors the homestead allowance of one thousand dollars.    This account was homologated.

The defendant, J. F. Irvine, excepted on the following grounds, viz.:    The plaintiffs have not paid back nor tendered the purchase price of the Neville place, sold at succession sale to pay debts; nor of the two acres and improvements sold at the tax sale, which was used to extinguish their ancestor's obligations.

That judicial or tax sales can not be annulled or disturbed unless the heirs previously return or offer to return the price of adjudication, which has not been done by plaintiffs.

That plaintiffs have not alleged any injury to them by the sales. The succession of their mother being insolvent, plaintiffs have no in terest and had not been injured by the sales of which they complain.

That having claimed and received the widow's homestead, one thousand dollars, plaintiffs necessarily renounce the succession of their mother, and can not recover the property without paying back the amount they received under the homestead.

That the adjudicators of said judicial and tax sales are necessary parties.

It is well settled that minors whose property has been illegally sold can not recover it without restoring all advantages they have received.

"He who seeks equity, must do equity."    Brown vs. Bouny *et al.*, 30 An. 174; Beauregard vs. Leveau, 30 An. 302; Sharkey vs. Bankston, 30 An. 891.

But in a case like the instant one there is no requirement of ante cedent legal tender, as "there is no principle of equity requiring plaintiffs to tender to defendants before asserting their absolute title to property belonging to them and held by defendant as a mere pos sessor without title.    All that equity could possibly require would be to permit him to set up his claim in reconvention, which would not be denied."    Heirs of Wood vs. Nicholls, 33 An. 749; Heirs of Self vs. Taylor, 33 An. 769; Heirs of Burney vs. Ludeling, 41 An. 627.

It is a correct principle to say that heirs have no interest in an insolvent succession, and have no right to claim restitution of prop-

erty which has been properly applied to the debts of the succession. This rule applies to cases where the property has been sold under proper proceedings, and the purchaser holds *prima facie* title. Green vs. Baptist Church, 27 An. 563; Succession of Lehmann, 41 An. 987.

It can have no application " where the nullity of defendants' title is absolute, resulting from the active violation of a prohibitory law made to regulate defendants' conduct in a fiduciary capacity.' Heirs of Wood vs. Nicholls, cited above.

Minors have the undoubted right to a legal, just and proper administration of a succession in which they are interested, and a legal and proper disposition of the property in the succession.

To hold that where property of the minors has been purchased by the tutor, on an order provoked by him, that the minors are estopped from questioning the same because of the insolvency of the succession, as shown by the final account, would be inducement to dishonest tutors to wreck and spoliate the property in which the minors might have an eventual interest. The fact of his purchasing the minors' property would raise a well grounded suspicion that the order to sell was procured for his special benefit, and as a consequence his interest would be to ward off bidders, to depreciate the value of the property, and finally to present in his final account an insolvent succession, in order to protect his purchase. From the date of the adjudication of the property to the tutor his acts in relation thereto must be viewed with suspicion. His final account, in which figures the price paid for the property, can not be final and conclusive, and there is, with this badge of fraud resting against it, no reason to regard it as a final settlement with the minors, showing a complete, fair and just exhibit of his dealings with the succession in which they are interested.

The placing of the minors on the account as creditors for the homestead amount does not commit them into an absolute confession as to the insolvency of the succession. It was the tutor's admission and not their admission. They are presumed to know nothing of the condition of the succession during their minority. It has been held that major heirs receiving the proceeds of the sale of the effects in their father's succession, on the partition of the same, are not estopped from revendicating the property when they are kept in ignorance of facts connected therewith. Heirs of Self vs. Taylor, 33 An. 769.

There is nothing in the record relating to the two-acre tract that would justify any comment on the sale of the same.

It was stated in argument that the J. Aronstein who purchased the property at the provoked sale was not the tutor. There is nothing in the record to show this fact, and if such be the case it can be shown on the trial on the merits.

It is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that this case be reinstated on the docket of the lower court and proceeded with according to law.