(103 So. 33)

No. 24791.

**NICOL et al. v. JACOBY et al.**

(Jan. 5, 1925. Rehearing Denied Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Election of remedies** &#8658;3(2)—**Plaintiffs by suing for note held not to admit validity of sale in which it was given.**

In suit to annul sale of property made by defendant for plaintiffs, and for note received from purchaser by defendant as part consideration for property conveyed, plaintiffs, by suing for note, did not admit validity of sale, in view of prayer seeking relief in the alternative, by asking that sale be annulled, and if this were not granted that plaintiffs should be decreed owners of note.

2. **Pleading** &#8658;369(1)—**Plaintiffs not required to elect which of two demands they will rely on where made in alternative.**

Where plaintiffs' demands for relief, though inconsistent with one another, are pleaded in the alternative, they are not required to elect as to which one of such demands they desire to rely on.

3. **Pleading** &#8658;369(1)—**Defendants' remedy is to require plaintiffs to elect, where two demands are in same petition and not pleaded in alternative.**

If plaintiffs' two inconsistent demands had not been pleaded in the alternative, remedy of defendants would have been to require plaintiffs to elect as to which of the two they would proceed on, in view of Code Prac. art. 152, where such demands were pleaded in same petition.

4. **Cancellation of instruments** &#8658;37(1)—**Petition to annul sale of property and recover on note held to state cause of action.**

In suit to annul sale of property made by defendant for plaintiffs, and for note received from purchaser by defendant as part consideration for property conveyed, petition *held* to state a cause of action.

5. **Contracts** &#8658;266(1) — **Ordinarily, previous tender required to maintain suit for rescission.**

Ordinarily, previous tender is required to maintain a suit for rescission.

6. **Vendor and purchaser** &#8658;98—**Sales; party suing for rescission cannot have both property and the price.**

A party suing for rescission cannot have both property and price, but this may be avoided by requiring party to restore price before he can take back property.

7. **Vendor and purchaser** &#8658;98—**Sales; plaintiffs not required to tender consideration received where sale attacked on ground of fraud.**

In suit to annul sale of property made by defendant for plaintiffs, and for note received from purchaser, by defendant as part consideration for property conveyed, plaintiffs were not required to make a tender of consideration received for property, where sale was attacked on ground of fraud.

8. **Judgment** &#8658;16—**Court held to acquire no jurisdiction over defendant as relating to demand for note.**

In action to annul sale of property made by defendant for plaintiffs, and for note received by defendant from purchaser as part consideration for property conveyed, court acquired no jurisdiction over defendant as relating to demand on note, where jurisdiction over person of defendant or note was never obtained.

9. **Cancellation of instruments** &#8658;35(1)—**Plaintiffs' allegation held not to require that their "associates" be made parties.**

In action to annul sale of property, made by defendant for plaintiffs, and for note received by defendant from purchaser as part consideration for property conveyed, plaintiffs' allegation that in executing deeds to defendant they did so to better enable him to dispose of property for benefit of themselves and "associates," *held* not to require that such "associates" be made parties to the action, where petition did not disclose who such associates were, and they

were sufficiently before court in person of plaintiffs so that judgment rendered would be binding on them.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by Mrs. Mary B. Nicol and others against Joseph R. H. Jacoby and others. From the judgment, plaintiffs appeal. Judgment set aside, judgment rendered as to certain exceptions, and case remanded.

Emile Vuillemot, of New Iberia, for appellants.

I. W. Gajan, of New Iberia, curator ad hoc for appellees United Fibre & Products Co. and Bowers.

Edward T. Weeks, of New Iberia, curator ad hoc for appellee Jacoby.

OVERTON, J. This is a suit instituted by Mary B. Nicol and John A. Nicol for the purpose of annulling certain sales of real property and of certain machinery and other property attached to the realty and forming part of it by destination, and of recovering, in the alternative, a certain promissory note.

Defendants, through curators ad hoc appointed to represent them, excepted to the suit on various grounds. These exceptions, or at least one of them, an exception of no cause of action, make it necessary to state the substance of the petition filed by plaintiffs. This we shall do in narrative form, and as if the facts alleged had been, in reality, established.

One of the plaintiffs, Mary B. Nicol, acquired the property in controversy from the Sugar Cane By-Products Company for a consideration of $43,500. It appears that John A. Nicol, in some manner, which is undisclosed, acquired an interest in the property, or, at least, was treated as a part owner thereof by his coplaintiff.

Plaintiffs desired to sell the property, and executed a power of attorney to Joseph R. H. Jacoby, a resident of the state of Pennsylvania, authorizing him to sell the property for them. In this power of attorney Jacoby was also authorized to sue for plaintiffs, to compromise suits, to submit matters to arbitration, to collect debts, and to do other things for them.

Following the execution of the power of attorney, Jacoby, for the purpose of securing from plaintiffs a deed in his favor to the property, represented to them that the Sanitary Products Corporation of America had offered to purchase and would purchase from him the property in controversy for $60,000, of which $5,000 would be paid in cash, and the balance in 1,000 shares of class A stock in said corporation. Jacoby also represented to plaintiffs that the 1,000 shares of stock mentioned were worth fully $60,000, and would return dividends at once; that none of the stock was on the market; that the company had no stock for sale; that he would guarantee a bank loan on said 1,000 shares of stock; that all of the stock of said corporation of class B, was tied up in a 10-year trust, so that it could not be put on the market; that less than 20,000 shares of class A stock of said company had been sold; and that the balance thereof was in the treasury. Jacoby further represented to plaintiffs for the purpose of procuring a deed to said property that the net profits earned by the Sanitary Products Corporation were $125,000, for the year 1919, which was the year preceding the making of these representations; and he also represented to them that the tangible assets of said company were in excess of $800,000.

The foregoing representations were fraudulent, so plaintiffs allege, but they believed them, and were induced by them to deed the property to Jacoby, not for the purpose of transferring title to him in reality, but for the purpose of enabling him to sell the same to said corporation for their benefit and for the benefit of their associates, whose names are not disclosed.

Accordingly, in May, 1920, plaintiffs, in order to enable Jacoby to make said sale, executed a deed apparently conveying the property to him for the consideration of $10, and for other valuable considerations not therein expressed. After Jacoby had fraudulently procured a deed to the property, he conveyed the same to A. B. Letellier for the price and sum of $10,000, for the purpose, it is alleged, of placing the same beyond the reach of plaintiffs. A few days after this sale was made, Letellier resold the property to Jacoby for the same amount which he, Letellier, had paid for it. On the same day that Jacoby reacquired the property, he conveyed it to Samuel P. Bowers, a nonresident of this state, for $47,467, of which sum Bowers paid $20,467 cash, and delivered to Jacoby a promissory note, payable to him, for $27,000, the balance of the purchase price. In making this purchase, Bowers had no intention of purchasing for himself, but his intention was to purchase for the United Fibre & Products Corporation, a company domiciled in the state of Maryland, of which he was at the time and still is an officer and a member of its board of directors.

At the time Jacoby conveyed the property to Bowers, he was still the agent of plaintiffs, under the power of attorney heretofore mentioned, and on the same day on which he sold the property in controversy to Bowers he acted under that power of attorney by compromising a suit pending against Mary B. Nicol, one of the plaintiffs herein.

After Jacoby had deeded the property to Bowers the latter sold it to the United Fibre & Products Corporation, which still seems to claim it as owner.

While in the deed from plaintiffs to Jacoby it is recited that the conveyance is made for $10 and other valuable considerations, yet it appears from the nineteenth article of the petition, in this suit, that plaintiffs received, in fact, as the consideration for said sale, $5,000 in cash, the receipt of which is clearly and specifically admitted, and though the remainder of the allegation with respect to the consideration actually received is not so clear, yet we think that it appears from it that plaintiffs also received, as consideration for said sale, 1,000 shares of the stock of the Sanitary Products Corporation of America, which Jacoby represented that they would receive. However, it also appears that instead of this stock being worth at the time $60,000, which sum Jacoby represented its value to be, it was then and is now worth only $5,000, which together with the $5,000 cash received, makes the value of the total consideration received by plaintiffs less than one-fourth of the actual value of the property.

It also appears from the allegations of the petition, filed herein, that, when Jacoby, in order to obtain a deed to said property for the ostensible purpose of conveying the property to the Sanitary Products Corporation of America, made the representations heretofore stated, he made them with the knowledge and consent of Bowers and of the United Fibre & Products Corporation, and in collusion with them.

Omitting for the present the relief which plaintiffs allege that they are entitled to, they pray that curators ad hoc be appointed to represent Jacoby, Bowers, and the United Fibre & Products Corporation, and after legal proceedings had, that judgment be rendered against said defendants annulling the sale made by them to Jacoby, the one made by Jacoby to Bowers, and also the one made by Bowers to the United Fibre & Products Corporation, and that they, plaintiffs, be decreed to be the lawful owners of said property. They also pray, in the alternative, that, should the court not grant the foregoing relief, then, as Jacoby was their agent at the time he made the sale to Bowers, they be

decreed to be the owners of the promissory note for $27,000 given by Bowers to Jacoby in part consideration for that sale.

As we have had occasion to say in the commencement of this opinion, defendants, through their curators ad hoc, filed various exceptions to plaintiffs' demand. These exceptions consist of one to the jurisdiction of the trial court, both ratione personæ and ratione materiæ; one of no right or cause of action, and one of want of tender, filed by all of the defendants through their curators ad hoc. In addition to these, the curator ad hoc for Jacoby has filed an exception of nonjoinder of parties plaintiff, and also one of inconsistency in plaintiffs' demands, and the curator ad hoc for Bowers and for the United Fibre & Products Corporation has filed an exception of estoppel.

The trial court sustained the exceptions of no cause and no right of action and of want of tender filed by the curator ad hoc for Jacoby, and the exception of want of tender filed by the curator ad hoc for the remaining defendants. All other exceptions filed were overruled.

Plaintiffs have appealed from the judgment rendered, and the curators ad hoc for the defendants have answered the appeal by praying that the judgment of the trial court be amended by sustaining all of their exceptions.

### Opinion.

As a matter of convenience, we shall consider first the exception that plaintiffs' petition discloses neither a cause nor right of action. This exception rests in reality on the premise that the petition, in setting forth the sale from Jacoby to Bowers, alleges that the promissory note for $27,000, given by Bowers to Jacoby as part consideration for the sale, is the property of plaintiffs, for the reason that it was given to plaintiffs' agent in partial settlement of the purchase price of plaintiffs' property. From this premise defendants argue that, by claiming a part of the proceeds of the sale to Bowers, plaintiffs have necessarily confirmed that sale, as they cannot claim both the property sold and the proceeds of the sale. They also argue that, as plaintiffs have thus confirmed the sale to Bowers, they have lost all right, which they later in the petition attempt to exercise, to annul that sale, and consequently have no interest in setting aside the one from Bowers to the United Fibre & Products Corporation. They argue that the effect of the confirmation of the sale to Bowers is to render valueless to plaintiffs the allegation of the petition that the property was put in Jacoby's name, under false representations made by him, for the purpose of better enabling him to sell it to the Sanitary Products Corporation of America, and also the allegation to the effect that Bowers and the United Fibre & Products Corporation were parties to these representations, since the allegation, mentioned above, which is said to amount to a confirmation, makes it appear that Jacoby sold as the agent of plaintiffs, and not as owner, and it is not contended that Jacoby or Bowers or the United Fibre & Products Corportion made any fraudulent representations to induce Jacoby to give plaintiffs the power of attorney heretofore mentioned authorizing him, among other things, to sell the property. In other words, defendants argue that the allegations of the petition show that the sale by plaintiffs to Jacoby was ignored when the latter sold to Bowers, the inference being, they say, that Jacoby acted in making the sale under the power of attorney given him by plaintiffs, which it is not contended was obtained by fraud, and did not act under the sale made by plaintiffs to him. Defendants also argue that, as plaintiffs allege that their agent, Jacoby, received the price of the sale made to Bowers, their remedy against Jacoby is not one to recover the note received by him in part payment, but is one for an account-

ing for his agency, which remedy they contend plaintiffs have not resorted to. Acting, therefore, upon the theory that plaintiffs have, by their allegations, confirmed the sale to Bowers, and have not resorted to the proper remedy with respect to Jacoby; defendants, through their curators ad hoc, ask that their exception of no cause or right of action be sustained.

[1-3] As to what the result of this argument might be if defendants were correct in their premises, we need not inquire. In our view defendants have misunderstood plaintiffs' petition. Plaintiffs allege with sufficient clearness that Jacoby sold the property to Bowers; that is, sold it as owner, and accordingly, that Bowers treated Jacoby as the owner thereof in purchasing. It is true that plaintiffs claim the ownership of the note upon the theory that, at the time Jacoby sold as owner, he was their agent. It is also true that plaintiffs later in the petition allege that they are entitled to a decree annulling the three sales heretofore mentioned, including the one to Bowers, and recognizing them as the owners of the property. It is also true that were we to consult the allegations of the petition alone, we would find nothing in them indicating that these inconsistent demands are alleged in the alternative, and were we to go no further than the allegations of the petition, there would be, to say the least, sufficient reason, had such a course been demanded, to require plaintiffs to elect which of the two grounds of relief they desired to urge. However, when we consult the prayer of the petition it is otherwise. There it appears that plaintiffs first ask specifically for the annulment of the sale to Jacoby, of the one to Bowers, and of the one to the United Fibre & Products Corporation, and then, in the alternative, that is, should the first prayer not be granted, they ask to be declared the owners of the note in question, and that Jacoby be ordered to deliver it to them or to produce it in open court.

The effect of making the second prayer an alternative one is to make the allegation in the body of the petition, in which plaintiffs assert ownership of the note, an alternative allegation, and dependent upon the refusal of the court to grant the first prayer of the petition. So viewed, it cannot properly be said that plaintiffs, by suing for the note in such manner, admit the validity of the sale in which it was given as part consideration for the property conveyed, for their position is that the sales are voidable, but, if the court should find otherwise, and therefore force the sales upon them as valid by refusing to set them aside, then plaintiffs ask that they be decreed to be the owners of the note —a position which clearly does not involve an admission of the validity of the sale in which the note was given. Such a position does not even afford sufficient ground to force a plaintiff to elect as to which of the two demands he desires to rely upon. Smith v. Donnelly, 27 La. Ann. 98; Johnson v. Mayer, 30 La. Ann. 1203. In fact, had the two demands not been pleaded in the alternative, as they are pleaded in the same petition, the remedy of defendants would have been to have required plaintiffs to have elected as to which of the two they would proceed upon. Code of Practice, art. 152.

[4] Before taking up for consideration the next exception, we may say that we have examined plaintiffs' petition as a whole to ascertain whether it does show a cause of action, and have reached the conclusion that it does show such a cause, for, if Bowers and the United Fibre & Products Corporation have colluded with Jacoby, whose relations with plaintiffs were confidential, to have Jacoby induce plaintiffs to place in his name their property, intending to purchase it later themselves, and to fraudulently impose stock upon them as the greater part of the con-

sideration for the property, which stock they knew to be worth but little, under representations that it was worth considerable, supported by representations of facts which they knew to be false showing that the stock was of considerable value, and plaintiffs were induced thereby to so act, and to accept the stock, the sale so brought about and made to Jacoby, and those made in turn to the remaining defendants, who were parties to the fraud, are voidable and may be annulled. We therefore think that the exception of no cause of action should be overruled.

[5] We now reach the exception of want of tender. This exception is based upon the fact that plaintiffs admit that they received the $5,000 and the 1,000 shares of stock mentioned, as consideration for the property, but have not alleged that they have tendered back the money and shares so received. Ordinarily, previous tender is required in order to maintain a suit for rescission. However, there are exceptions to the rule. Thus, in State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772, in which a similar question was presented, we said, in the opinion on rehearing, that:

"The exception of want of tender was properly overruled. Previous tender is not required in a suit to set aside a sale on the ground of fraud. Germaine v. Mallerich, 31 La. Ann. 371; Heirs of Burney v. Ludeling 41 La. Ann. 627, 6 So. 248; Killelea v. Barrett, 37 La. Ann. 865; Self v. Taylor, 33 La. Ann. 769; Heirs of Wood v. Nicholls, 33 La. Ann. 744; Aronstein v. Irvine, 48 La. Ann. 301, 19 So. 131. * * *"

[6, 7] Of course, as said in the case from which the foregoing excerpt is taken, the party suing for the rescission cannot have both the property and the price, but this can be avoided by requiring the party to restore the price before he can take back the property; or, as said on application for rehearing in Germaine v. Mallerich, 31 La. Ann. supra, the defendant in such a suit may set up by way of reconvention in the alternative, in case of eviction, a claim for the purchase price.

In the case at bar the pleas of want of tender should have been overruled, as the sale is attacked on the ground of fraud.

The next exception presented for consideration is the one to the jurisdiction of the trial court. It was filed by all of the defendants through their curators ad hoc, and is sufficiently broad to cover all of the demands against defendants, though, as presented in the brief filed by them, it is directed against only that part of plaintiffs' suit in which the plaintiffs pray, in the alternative, that they be recognized as the owners of the promissory note received by Bowers, and that Bowers be ordered to deliver it.

[8] This exception as to Jacoby, in so far as relates to that part of the demand against him relative to the promissory note, should have been sustained. The only service ever obtained on him in this suit was constructive service, made by delivering copies of the petition and citation to the curator ad hoc appointed to represent him. Jacoby has not made any personal appearance in the suit. Therefore, jurisdiction over his person has never been obtained. In so far as relates to the note, it has not been seized, and for aught that appears, it is in another state at the domicile of Jacoby. Hence, jurisdiction over the note has never been acquired. Therefore, the exception to the jurisdiction, in so far as relates to the demand for the note, should have been sustained. In so far as relates to the remainder of the exception, it has not been pressed, and possesses no merit.

[9] The exception of nonjoinder is based on the fact that plaintiffs, in setting out the purpose for which they executed the deed to Jacoby, twice allege that they did so for the purpose of better enabling him to dispose of the property for their benefit and for the benefit of their associates. Associates are

not mentioned anywhere else in the petition. Who these associates are, the petition does not disclose. They were not parties to the sale made to Jacoby, nor does it appear how they obtained an interest in the property. In fact, all of the parties to that sale are parties to this suit. We infer that whatever interest plaintiffs' associates may have in the suit is a secret one held in trust by plaintiffs. Under such circumstances, we are of the opinion that a judgment rendered would be binding upon them, as they are sufficiently before the court in the person of plaintiffs. We, therefore, conclude that the court below was correct in overruling this exception.

The exception of inconsistency is based on the fact that plaintiffs allege that they are entitled to a decree recognizing them as the owners of the note for $27,000, given by Bowers to Jacoby in part settlement of the price for the property, and at the same time allege that they are entitled to a decree annulling the sale in which the note was given.

In passing on the exception of no cause of action, we in effect overruled this exception by holding that the effect of the prayer of plaintiffs' petition was to make these two allegations alternative ones, and that there was no inconsistency in plaintiffs' asking, first, that the sale be annulled, and if this were not granted, then that they be decreed the owners of the note. We therefore feel that it is unnecessary to discuss the matter further.

The last plea to be considered is that of estoppel. We find no merit in it. It is based on a misconception of what plaintiffs allege, and of the effect of their alternative prayer for relief, which we had occasion to refer to in passing on the exception of no cause of action, and, in part, in passing on the plea of inconsistency. The exception was properly overruled by the trial court.

For the foregoing reasons, our conclusion is that all of the exceptions filed by defendants

should be overruled, with the exception of the one to the jurisdiction filed by Jacoby, which should be sustained, but only to the extent indicated in the premises.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment sustaining said exception to the jurisdiction filed by the curator ad hoc for Jacoby, but only in so far as said exception is directed against the demand for the recovery of said promissory note, the same being overruled in all other respects; and it is further ordered, adjudged, and decreed that the remaining exceptions filed herein be overruled; that this case be reinstated on the docket of the lower court, save as to said demand for said note, to be proceeded with according to law, and that it be remanded for said purpose.