325 So.2d 681 (1975)
Mr. and Mrs. John H. MUSSER, IV
v.
William C. COPPING et al.
No. 7101.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
Rehearing Denied February 10, 1976.
*682 Lawrence F. Babst, Jr., Koerner & Babst, New Orleans, for Mr. & Mrs. John H. Musser, IV, plaintiffs-appellants.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for Richard C. French, Jr., defendant-appellee.
Beryl E. Wolfson, Wolfson & Wolfson, New Orleans, for William C. Copping, Indiv. and D/B/A Metropolitan Realty Co. and Hanover Ins. Co., defendants-appellees.
Before LEMMON, BOUTALL, and BEER, JJ.
BOUTALL, Judge.
This is a suit by plaintiffs Mr. and Mrs. Musser, IV for recission of a contract of sale and damages. The defendants are William C. Copping, his insurer, Hanover Insurance Company, and Richard C. French, Jr. The defendants filed exceptions of no cause or right of action and prescription. After a hearing on the matter the trial court rendered two judgments. As to Copping the exception of no cause of action was maintained and plaintiffs' suit dismissed. As to French, all three exceptions were maintained and plaintiffs' suit dismissed. From these two adverse judgments plaintiffs have appealed. We reverse.
*683 The facts, as alleged in plaintiffs' petition, are as follows: The Mussers were looking for a new home with an attached income producing apartment. They entered into negotiations with Copping relative to a home at 22 Richmond Place in New Orleans owned by Copping and French. Plaintiffs allege that Copping represented to them that although the home was zoned single family residential it had acquired a non-conforming use, thus, allowing the separate apartment. Relying upon this representation the Mussers purchased the home on March 6, 1972 for $55,250.00.
Following the purchase the plaintiffs allege that they expended $14,000.00 in renovations to the premises, found a tenant and then discovered that the premises did not have a non-conforming use. On April 15, 1974 the Mussers filed suit to rescind the sale and recover the purchase price, cost of renovations and various allegations of damages.
Defendants Copping and French filed exceptions of no cause of action which were sustained by the trial court. The basis of the exceptions is that neither the contract of sale nor the agreement to sell (neither being in the record) mention a non-conforming use or that the premises contain a revenue producing apartment. They argue that the contract of sale and the agreement to sell constitute the final and entire agreement between the parties and this agreement cannot be supplemented by any agreement outside those written documents.
C.C.P. Art. 931 does not allow the introduction of evidence to sustain an exception of no cause of action. All that may be considered are the allegations of the petition and any properly attached exhibits or documents.
As mentioned, the agreement to sell and act of sale are not in the record, not attached to the petition and their terms are not set out in the petition. For this reason we are unable to uphold defendants' exception based on the terms of the two agreements. Rebman v. Reed, 286 So.2d 341 (S.Ct.1973); American Creosote Co., Inc. v. Springer, 257 La. 116, 241 So.2d 510 (S.Ct.1970).
Plaintiffs allege, however, that they were induced to enter into those written agreements through knowing misrepresentations made by Copping, a co-owner and they seek, not reformation of the contract, but its recission based on fraud as provided in Civil Code Art. 2547. That article reads:
"Art. 2547 Fraud on the part of the seller; rights of the buyer
"Art. 2547. A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.
"It may, according to the circumstances, give rise to the redhibition, or to a reduction of price, and to damages, including reasonable attorneys' fees, in favor of the buyer." (Amended by Acts 1968 No. 84 § 1.)
We consider the allegations of knowing misrepresentation as to the qualities the home possessed to be sufficient to satisfy the requirements of Art. 2547 and to serve as basis for a suit thereunder.
Allegations of fraud present an issue of fact which must be proven on the trial of the cause. R.C.C. Article 2547 states that allegations such as fraud, are to be considered under the title of Conventional Obligations. One of these articles is RCC 1882 which states:
"They (agreements made through fraud) may be avoided either by exception to suits brought on such contracts, or by an action brought for that purpose." *684 The action brought by the Mussers is such an action and we feel that if the allegations in the petition prove correct then they may be entitled to the relief they seek. Overby v. Beach, 220 La. 77, 55 So.2d 873 (S.Ct.1951); Nicol v. Jacoby, 157 La. 757, 103 So. 33 (S.Ct.1925). See also Di Carlo v. Pacanins, 164 F.Supp. 841 (E.D.La.1958).
The trial court sustained the exception of no right of action as to defendant French. We reverse. We are somewhat confused as to why it was sustained as to French and not Copping. Both defendants plead the same exception and stated the same reasons for it; both were sellers of the property.
The obligation which was agreed to between the parties was an indivisible one. Indivisible obligations cannot be partially executed nor, a priori, can they be partially rescinded. RCC Art. 2109 & 2113; Tafolla v. Jones, 23 So.2d 569 (La.App.2nd Cir. 1945). We hold that on the evidence presented (there is no evidence except the pleadings) there is no showing by defendants that the Mussers have no right of action against French.[1]
The final exception sustained as to French was that of prescription. French attempts to characterize this action as one in redhibition, prescribing in one year. See RCC articles 2545 and 2546. Plaintiffs claim that the action is brought under RCC article 2547 and their claim prescribes in five or ten years. While article 2547 allows both rescission and redhibition actions we feel that this is basically an action for rescission of the contract due to fraud. There was no redhibitory defect alleged in the petition and the petition asks solely for rescission. The facts show that suit was brought slightly more than two years after the home was purchased, and it is well within the five year prescriptive period of RCC article 3542. Kearney v. Maloney, 296 So.2d 865 (La.App.4th Cir. 1974).
Having decided that the main demand for rescission of the contract is not prescribed we will not pass upon the issues of prescription as it relates to the Mussers' several alternative demands. These issues can best be decided at the trial level where evidence may be introduced.
For the above reasons the judgments of the trial court are reversed. This case is remanded to the trial court for further proceedings. Costs to await the final outcome.
Reversed and remanded.
NOTES
[1] The petition would lead us to suspect that the home was bought with community funds. If this were substantiated by evidence then Mrs. Musser would have no right of action to sue for the recission of the sale and return of community assets. RCC article 2402; Story v. Story, 131 So.2d 913 (La.App.1st Cir. 1961).