COLE, Judge.
This is a damage suit which seeks compensation for financial losses the plaintiffs’ sustained when their home was damaged due to settling of the lot upon which it was built.
Prior to October 23, 1976, Larry M. Russell and his wife contracted with Gulf South Contractors Corporation for the construction of a home. They chose Lot 89 of Lake Sherwood Acres Subdivision located in East Baton Rouge Parish for that construction and, according to their agreement, Gulf South purchased the lot from the subdivider, Lake Sherwood Acres, Inc.
The home was completed by Gulf South in January 1977 and the plaintiffs then occupied the residence. In the summer of 1977, they began to notice serious defects were appearing in the master bedroom as it was sinking, cracking in places, and settling. In September 1977, the Russells had a soil analysis done by Woodward-Clyde Consultants and, on September 6, they were notified by those consultants the soil would not support the construction.
Thereafter, the Russells and Gulf South arranged between themselves for the repair of the residence and Gulf South then assigned to the plaintiffs any rights that they may have had against the defendant. The Russells then brought this suit for their damages. In response, the defendant filed exceptions of prescription and of no cause of action. The exception of prescription was sustained by the district court after a hearing on that issue and the suit was dismissed.
We affirm.
Paragraph three of plaintiffs’ petition states:
“Defendant did specifically declare and hold out to Gulf South Contractors, Inc. that said lot was suitable for residential construction when in fact defendant and/or its agents or employees knew that said lot was not so suitable without further foundation work due to the fact that a canal, which once traversed said lot, was simply filled in with dirt which could have been expected to shift and settle.”
When the exception of prescription was urged in the trial court by defendant, the district judge concluded a hearing should be conducted into the merits of that exception rather than defer it to the time of trial. This is clearly within the discretion of the trial judge when it is felt that disposing of the exception in limine might save all involved an unnecessary trial on the merits and is in the best interest of justice. See Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
At the hearing, it was stipulated that the lot was purchased on August 23, 1976, the plaintiffs were on notice of the unsuitable condition of the soil on September 6, 1977, and this suit was filed on January 10, 1979, *824 considerably more than a year after either of the previously mentioned events. Additionally, it was recognized by all concerned that, pursuant to paragraph three of their petition, supra, the plaintiffs’ cause of action was based upon fraud.
Evidence was then presented by the defendant to establish that the one year prescriptive period applied. Additionally, over the timely objection of plaintiffs, the defendant offered testimony to prove it had committed no fraud. The plaintiffs were then given an opportunity to prove their case of fraud to which the five year prescriptive period, established by Civil Code article 3542, would apply. Subsequent to the completion of the hearing, the district court held the Russells had failed to satisfactorily prove fraud and the prescriptive period of one year, as provided in Civil Code articles 2534 and 2546, should be applied.
We find no abuse of procedural discretion by the trial court in disposing of the exception in limine nor do we find manifest error in the trial court’s factual determination that fraud was not proven. The trial judge assigned detailed written reasons for judgment which are appended. They are supported by the record and correctly resolve the issues. We expressly approve the trial court’s reasons and incorporate them as part of our opinion.
We note the case of Musser v. Copping, 325 So.2d 681 (La.App. 4th Cir. 1975), cited by plaintiffs, which at first blush, seems to support the proposition that the issue of fraud is one to be determined by the jury upon a trial of the merits and not in limine by the trial judge. Musser is factually in-apposite. No redhibitory defect was alleged in Musser, the only relief sought being recission of the sale. While in the case before us the cause of action is based upon fraud, the petition clearly sets forth a red-hibitory defect in the residential lot sold, to-wit, a canal filled with dirt which could have been expected to shift and settle. We thus distinguish Musser. However, to the extent Musser may be construed to negate the trial court’s discretion in this case to decide in limine the issue of fraud for prescriptive purposes, we reject it as authority.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by appellee.
AFFIRMED.
APPENDIX

LARRY RUSSELL, ET AL. NUMBER 219,956 DIVISION “G" VERSUS 19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE LAKE SHERWOOD ACRES, INC. STATE OF LOUISIANA

WRITTEN REASONS FOR JUDGMENT
Defendant purchased land, filled some of it, subdivided it as Lake Sherwood Acres, and sold lots to various purchasers. Plaintiffs elected to build a home in Lake Sherwood Acres. They selected a lot and instructed their builder, Gulf South Contractors, Inc., to purchase the lot and build a certain home thereon. The lot selected was one of those which had been filled with seven to eight feet of fill. The lot was purchased and the house built. Subsequently, foundation problems arose, and plaintiff then discovered that the house had been built on a “filled” lot. He settled with his builder, obtained an assignment of the builder’s rights, and brought this suit against defendant for damages for the loss of use and the cost of repairs. Defendant filed exceptions of no cause of action and prescription. We first consider the latter exception.
At the trial of the exception, exceptor sought to introduce evidence which would support the plea of prescription. Plaintiff objected, contending that since he had sought trial by jury, admission of evidence and disposition of the case on the exception of prescription would deny him his right to jury trial. The court overruled the exception and permitted evidence on the issue of prescription. It also granted plaintiff a continuance to obtain witnesses and evidence in opposition to the exception.
Since counsel for plaintiff reurged the objection at the close of the hearing, the court feels that an explanation of its authority is in order. There is no constitutional right to trial by jury in this case; the *825 only “right” arises out of CCP Art. 1731, et seq. These articles are contained in the Code of Civil Procedure; that same Code gives a defendant the “right” to have the peremptory exception decided in advance of the trial of the case. Art. 1733 provides that a jury trial shall not be available “[in] all cases where a jury trial is specifically denied by law.” Since the redactors could not have intended that a special jury be convened to dispose of every exception involving factual issues filed prior to answer, the only way in which the two articles can be read together is that Art. 923 specifically denies jury trial on the issues raised by exceptions prior to answer.
Of course, the court would have the discretion to refer the exception to the merits, where, arguably, the jury might decide the issue. See, e. g., comments to Art. 929. In exercising the discretion, the court should be mindful that fairness to the defendant compels pretrial disposition, thus obviating the necessity that defendant prepare needlessly for trial on the merits. This court is of the opinion that a court should refer a peremptory exception to the merits only when trial of the exception will involve trial of so much of the merits that the resulting needless waste of judicial energy outweighs the unfairness to the defendant. Such is not the case in the instant matter. Accordingly, the court adheres to its original decision to dispose of the exception on the merits.[1]
Plaintiff’s claim is against a vendor for a vice in the thing sold, i. e., the foundation of immovable property. It is admitted that suit was filed more than a year after the sale, and more than a year after the discovery of the vice by the buyer. Thus the prescriptive periods provided by CC Arts. 2534 and 2546 have accrued, and the exception appears timely.
Plaintiff properly argues, however, that under CC Art. 2547, if fraud can be established, the prescriptive period is five or, alternatively, ten years, and prescription has not accrued. The court agrees with plaintiff that there are three “tiers” of prescription:
1. If the vendor knows not of the vice, then CC Art. 2534 applies;
2. If the vendor knows of the vice, but fails to declare it, then CC Art. 2546 applies; and
3. If the vendor is guilty of fraud, then CC Art. 2547 applies.
The question becomes one of whether defendant has been guilty of fraud as used in CC Art. 2547. We find from the evidence that defendant filled this property, took several reasonable steps to disclose to potential buyers that the property has been filled, and did not make any effort to conceal the fact from potential buyers. He may not have disclosed the particular vice to this particular buyer, but that “triggers” the prescriptive period under Art. 2546, and does not constitute fraud under Art. 2547.
The court is aware that fraud may be inferred from silence. See, e. g., CC Art. 1832. But that is a general rule as to fraud, applicable only when there is no special rule. In this case, there is clearly a special rule, gleaned from a reading of Arts. 2534, 2546 and 2547. If a seller does not know of the vice, his liability, including the period in which he is liable for suit (prescriptive period), is sharply limited. If he knows but does not declare, then the liability is increased, including the prescriptive period. If he has been guilty of fraud, then the liability is further increased, including, again, extension of the prescriptive period. But this particular fraud cannot consist of mere failure to disclose, for that would render Art. 2546 meaningless.
The court concludes that plaintiff’s claim is prescribed under Arts. 2534 and 2546 by passage of time, and that plaintiff has *826 failed to establish a prima facie case of fraud under CC Art. 2547. Thus his claim is prescribed.
In view of this conclusion, we do not pass upon the exceptor’s objection of failure to state a cause of action.
Judgment will be rendered dismissing plaintiffs’ suit at plaintiffs’ costs.
Judgment will be signed accordingly.
Baton Rouge, Louisiana, this 26th day of October, 1979.
(si Frank L. Maraist JUDGE FRANK L. MARAIST, DIVISION “G”

. For judicial authority for this court’s ruling on the procedural point, see Babineaux v. Per-nie-Bailey Drilling Co., 262 So.2d 328 (La. 1972) and Hebert v. Armistead, 227 So.2d 636 (3rd Cir. 1969).