PONDER, Judge.
This is a suit in contract. The trial court rescinded plaintiff’s purchase of a lot from defendant and returned the purchase price plus interest. Both parties appealed.
The issues are: the failure of the court to grant plaintiff a right of passage rather than rescind the sale, the necessity for joining a third-party defendant, defendant’s warranty of sale, the court’s alleged reliance on a plat filed with plaintiff’s deed, damages and attorney’s fees.
We amend and affirm.
Plaintiff purchased from defendant a lot on which he intended to build a home. Defendant represented orally and on a recorded plat that the lot was accessible by a fifty-foot road. In fact, defendant had previously sold a portion of the access road to one who refused to grant a gratuitous servitude. Plaintiff was unable to obtain construction financing because of the lack of legal access. He sued to rescind the contract. Defendant sought to have the owner of the disputed strip of access road joined as a necessary party. The court overruled the exception, rescinded the sale and returned the purchase price plus the interest paid by the purchaser.
Defendant claims plaintiff’s proper remedy is to demand a right of passage across the property of his neighbor. LSA-C.C. Art. 689.[1] He therefore contends the court erred in not joining the neighbor as a third-party defendant. While the law does provide plaintiff this remedy, we know of no requirement that plaintiff be relegated to that remedy rather than the one he elected to seek. The trial judge did not err.
Defendant alleges he did not warrant access to the lot. We find that plaintiff informed defendant of his intention to use the lot for a residence and that defendant assured plaintiff the lot was accessible by the fifty-foot road that fronted it.
*192 Defendant’s declaration as to the accessibility of the lot was a knowing misrepresentation as to a principal quality of the thing sufficient to allow rescission of the contract per LSA-C.C. Arts. 1823, 2547.[2] Musser v. Copping, 325 So.2d 681 (La.App. 4th Cir. 1975).
Defendant claims the court erred in relying on the plat filed with plaintiff’s deed to prove plaintiff was justified in his belief he had access, while refusing to refer to the neighbor’s plat to show that the neighbor should have known and admitted his property was subject to a right of way. Defendant’s objection is misdirected. Because the neighbor was not a party to the suit, the court was without power to grant the desired relief against him.
Defendant complains that the court erred in awarding interest at 12% per annum. Plaintiff demands increased damages and attorney fees.
LSA-C.C. Art. 2547 allows an award of damages plus attorney fees to a person aggrieved by the misrepresentations of the seller. The award of 12% interest on the purchase price of the lot represents interest actually paid by plaintiff, an expense to him. We find no error in this award. Because we find plaintiff’s allegations of defendant’s knowing misrepresentations as to a principal quality of the lot satisfy the requirements of LSA-C.C. Art. 2547, we find plaintiff entitled to an award for attorney fees. We find the amount of $1,200.00 to be reasonable.
For the above reasons, it is hereby ordered that the judgment in favor of the plaintiffs, Rosha Maurice Hall and Cathy Felder Hall and against defendant, RAD Distributors, Inc., be amended to include the sum of One thousand, two hundred dollars ($1,200.00) for attorney fees. The judgment of the trial court is affirmed as amended. Costs are to be cast on the appel-lee.
AMENDED AND AFFIRMED.

. LSA-C.C. Art. 689:
“The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.”

. LSA-C.C. Arts. 1823 and 2547:
“Art. 1823. Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself.”
“Art. 2547. A declaration made by the seller, that the thing sold possess some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.
“It may, according to the circumstances, give rise to the redhibition, or to a reduction of price, and to damages, including reasonable attorneys’ fees, in favor of the buyer.”