PROVOSTY, J.
On May 25, 1912, the two relatriees, married women, executed in the state of Mississippi a confession of judgment, with waiver of citation and of legal delays. Two days thereafter judgment was entered on this confession of judgment in the civil district court of the parish of Orleans, without citation or appearance of either the relatrices or their husbands. Both in the confession of judgment and in the petition praying for the judgment it is stated that the relatrices are residents of the state of Mississippi. The judgment was duly recorded as soon as rendered, in the mortgage records of the parish of Orleans. More than five years thereafter execution issued on, same, and certain real estate belonging to the relatriees in said parish, upon which said judgment by reason of its registry bore judicial mortgage, was seized and advertised for sale. On the day before that set for the sale, the relatriees filed a petition in the court of the respondent judge, alleging that said confession had been obtained by deception and fraud, and was null for that reason and also because petitioners were married women at the time of its execution and had not been authorized by their husbands to execute it; and that said judgment was null because petitioners had not been authorized by their husbands or the court to stand in judgment, and for the further reason that the court was without jurisdiction ratione personae to render it; and praying that the said judgment and all proceedings had under it be annulled, and that an injunction issue against the sale.
The respondent judge heard evidence on a rule nisi, and refused the injunction. The relatriees have applied to this court for a mandamus.
No allegation is made that the debt in question was not due when the judgment was rendered, or is not now due; and the evi dence shows that the judgment was entered with the full knowledge and consent of relatrices, and dispels entirely the atmosphere of ’deception and fraud with which they have sought to envelop the case. But, after all nas been said, the fact stands out that the relatriees were not authorized by their husbands either to give said confession of judgment, to stand in judgment, or to acquiesce in or ratify said judgment.
[1] The learned counsel for the plaintiffs in judgment argue that by the laws of Mississippi a married woman may bind herself and stand in judgment without need of the authorization of her husband; but no proof of that fact has been made, and until the laws of said state are proved to be different from ours they must be presumed to be the same as ours.
[2] The judgment stands therefore as having been rendered against a married woman unauthorized either by her husband or by the court to stand in judgment; and therefore unrepresented, since a married woman thus unauthorized is incapable of representing herself. In Louisiana, by statutory provision (articles 121 of the C. C., and 106 and 118 of the G. P.), a married woman has no capacity to sue or to be sued without authorization by her husband or by the court. Granting therefore that the confession of judgment, it being general, would justify judgment in the courts of a state other than *303 that of the residence of the relatrices (which we believe to be the case), the judgment was null for want of capacity of the relatrices to stand in judgment. And assuming that such a judgment is not void in the sense of nonexistence, but is only relatively so, and therefore might be rendered valid by ratification, the same absence of authorization renders nugatory the acts of ratification invoked by the plaintiffs in judgment. The situation is therefore that the plaintiffs in judgment are executing against the property of the relatrices a so-called judgment which has not the binding effect of a judgment upon them.
[.3] The reason assigned hy the learned respondent judge for his ruling is that the case does not exhibit any one of the grounds of injunction which in article 298 of the 0. P. are specified as entitling a complainant to the writ as of right; and that therefore it is grounded purely upon equity, and, as such, addresses itself exclusively to his discretion; and that it appears to him to be devoid of equity.
Paragraph 10 of said article 29S provides for the eases where the'judgment has been extinguished by compensation, set-off, or payment. True, it does not provide for a case like the present, where the judgment never had any legal existence; but a fortiori does it apply to the case of such a judgment, since the principle which it is designed to embody is simply that, whenever an attempt is made to execute a judgment which for any reason is in realty no judgment but only the simulacrum of one, injunction shall lie as of right.
Mr. Wortham, in his work on Procedure in Louisiana (article 118, note), says of the decisions in Adle v. Anty, 1 La. Ann. 260; Lovelace v. Cuny, 3 La. Ann. 619; Champlin v. Lee, 19 La. Ann. 148:
“They hold that the wife can make no appearance without her husband; that such an appearance is no appearance at all.”
And in note (g) the same learned author says that:
“There is logic in the view that the wife’s appearance without her husband’s authorization is no appearance at all.”
In Robinson v. Butler, 6 Rob. 78, where attempts had been made to- procure the authorization of the wife first by asking that the absent husband be cited through a curator ad hoc, and next by asking that the court authorize her, and where the attention of the court had not been called to the fact that both attempts had proved abortive, the court noticed the defect ex proprio- motu, saying, through Judge Martin as the organ of the court, that it was its duty to do so, because:
“This error forms an absolute nullity, one of those which relate to the good order of society.”
And in Champlin v. Lee, 19 La. Ann. 148, one of the cases referred to in Wortham on Procedure, supra, the court said:
“This want of authority has not been brought to our notice by the parties, but, as such proceedings are absolutely null, we feel bound, ex officio, to notice such radical omissions.”
And in White v. Bird, 20 La. Ann. 281, the syllabus reads:
“A judgment rendered against a married woman, without her being authorized to appear in court, is null.”
[4] That mandamus lies in cases where the grounds of injunction are those specified in article 298, C. P., see State ex rel. Jacobs v. Judge, 40 La. Ann. 206, 3 South. 561; Beasley v. Jenkins, 117 La. 577, 42 South. 145. In Hanson v. Police Jury, 116 La. 1085, 41 South. 321, the court quoted approvingly from another decision, as follows:
“In cases provided for by article 298 and others similar, the jurisprudence is perfectly settled that the judge has no such discretion, but is bound to grant the application when made in conformity with the requirements of the law.”
No case could be more similar than one like the present where there is, legally speaking, no judgment.
It is therefore ordered, adjudged, and decreed that a peremptory mandamus issue to *305 the Hon. Fled. D. King, judge of the civil district court of the parish of Orleans, division B, commanding him to issue an injunction as prayed for in the petition filed by Mrs. Agnes Maloney, wife of Frank Leyland, and Mrs. Adele Maloney, divorced wife of Henry Miller Hoyle, in the suit entitled Ed. Mulling v. Clara Jones et al., No. 100,746 of the docket of said court.