WILLIAM E. HANNA, Respondent, *v.* LOUIS LICHTENHEIN et al., Copartners under the Firm Name of LICHTENHEIN & STERN, Appellants.

Pleadings — statement of foreign law set forth as a defense in an action — when question of fact which may be admitted by demurrer — when statement of statutes and decision of foreign state presents question of law for the court.

1. Although full faith and credit shall be given in each state of the United States to the public acts, records and judicial proceedings of every other state (U. S. Const. art. 4, § 1), no court is to be charged with the knowledge of foreign laws; but they are well understood to be facts, which must, like other facts, be proved before they can be received in a court of justice, but when, after proof is given, the questions involved depend upon the construction and effect of a statute or judicial opinion they are for the court and not questions of fact at all.

2. On a trial of an issue of fact when the evidence furnished is conflicting or inconclusive the law of a foreign state may be a question for the jury although ordinarily when the evidence is all furnished it is the function of the judge to decide as to the law of a foreign state.

3. An allegation in a pleading of the law of a sister state is an allegation of fact which is admitted by a demurrer. If the pleading sets forth in detail the statutes and decisions relied upon by the pleader, the question becomes one of law and should be determined as such by the court in deciding the demurrer. A demurrer does not admit the interpretation placed by a pleader upon the statutes and decisions specifically referred to or incorporated in a pleading.

4. When the allegations of a defense are general and by such allegations the law of foreign states named is stated to be as in the defense alleged, and the statutes or judicial decisions upon which the allegations are based are not before the court from which a conclusion of law can be reached, the demurrer should be overruled, with leave to plaintiff to withdraw the demurrer and leave the questions raised upon the pleadings for determination at the Trial Term.

*Hanna* v. *Lichtenhein*, 182 App. Div. 94, reversed.

(Argued January 6, 1919; decided February 25, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered March 8, 1918, which affirmed an order of Special Term denying a motion, by defendant, for an order overruling a demurrer to a defense set up in the answer and for judgment on the pleadings.

The action is brought to recover on five similar causes of action. In each cause of action it is alleged that on a day named, the Capital City Cap Company, a New Jersey corporation, assigned to Manufacturers' Finance Company, a Delaware corporation, and the assignor of the plaintiff certain accounts receivable, and that subsequent to such assignments the defendants collected the amounts due on the accounts receivable so assigned. Judgment is asked for the amount of the accounts so collected. The defendants answered each of said causes of action, and denied most of the allegations thereof, and as a separate defense to each of said causes of action alleged that the cap company is domiciled in the state of New Jersey, and has its principal office and place for the transaction of business in Trenton, in said state. That at the time when said accounts receivable mentioned in the complaint were assigned and transferred to the finance company, "It was mutually agreed by and between Manufacturers Finance Company and Capital City Cap Company that no notice that said accounts receivable would be or had been assigned, transferred and set over by Capital City Cap Company to Manufacturers Finance Company should be given to the debtors owing said accounts receivable or to any other person, firm or corporation, which said agreement was duly performed by Manufacturers Finance Company and Capital City Cap Company." That thereafter the cap company warranted and represented to the defendants that it was the owner and holder of said accounts receivable and that it had not assigned, transferred or set over the same or any part thereof to any person, firm or corporation. That thereupon the cap company for a valuable con-

sideration paid to it by the defendants duly assigned, transferred and set over to them by an instrument or instruments in writing the said accounts receivable. That the defendants immediately thereafter served upon and delivered to the debtors of the cap company a notice in writing that the said accounts receivable owing by them respectively, had been assigned, transferred and set over by the cap company to the defendants. That the defendants became *bona fide* holders for value of each of said accounts receivable "Without knowledge or notice of the right, title or interest therein or thereto, if any, of either the Manufacturers Finance Company or the plaintiff or of the facts set forth in the complaint herein, or any of them."

They further alleged as a part of the defense that said accounts receivable were assigned, transferred and set over by the cap company to the finance company and to the defendants, in the state of New Jersey, and that the value advanced therefor, if any, by the finance company or plaintiff to the cap company was paid to said cap company in the states of New Jersey, Maryland and Pennsylvania.

They further alleged as a part of the defense: "That at all of the times in the complaint and herein mentioned it was and is the law of the State of New Jersey that as between successive assignees of a chose in action due to the same assignor, the one which being acquired without notice of prior ones, is first brought to the knowledge of the debtor is entitled to priority; and that claims of competing assignees of a chose in action rank as between themselves not in the order of the dates of the assignments to them, but according to the dates when they respectively gave notice to the debtor of the assignment of their chose in action; and that if an assignee of a chose in action fails to give notice to the debtor owing the same, a subsequent assignee of the same chose in action without

notice of the former assignment, will upon giving notice of his assignment acquire priority."

There are similar allegations in the defense relating to the law of the states of Maryland and Pennsylvania. The plaintiff demurred to the defense upon the ground that it is insufficient in law upon the face thereof.

*Daniel P. Hays* and *Ralph Wolf* for appellants.

*William F. Allen* and *George M. Clarke* for respondent.

CHASE, J.   Did the plaintiff by his demurrer admit the allegations of the defense relating to the law of sister states?   If the law of said sister states as correctly construed and interpreted is as alleged in the defense, the demurrer should be overruled and the questions arising on the pleadings left to be determined at the trial.   We think the judgment should be reversed and the demurrer overruled.

The relations of the United States to each other, in regard to all matters not surrendered to the general government by the national Constitution, are those of foreign states in close friendship, each being sovereign and independent.   (Greenleaf on Evidence [16th ed.], vol. 1, section 489; *Hanley* v. *Donoghue*, 116 U. S. 1.)

Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.   (Constitution of the United States, article 4, section 1.)

No court is to be charged with the knowledge of foreign laws; but they are well understood to be facts, which must, like other facts, be proved before they can be received in a court of justice.   (*Hanley* v. *Donoghue, supra; Edwards* v. *Schillinger*, 245 Ill. 231.)   They are admitted by demurrer.   (*Miller* v. *Aldrich*, 202 Mass. 109.)   Foreign law is a question of fact and must be proved as such, but when after such proof is given the questions involved

depend upon the construction and effect of a statute or judicial opinion they are for the court and not questions of fact at all. (*Bank of China, etc.,* v. *Morse,* 168 N. Y. 458, 470.)

On a trial of an issue of fact when the evidence furnished is conflicting or inconclusive the law of a foreign state may be a question for the jury although ordinarily when the evidence is all furnished it is the function of the judge to decide as to the law of a foreign state. (*Ufford* v. *Spaulding,* 156 Mass. 65; *Hancock National Bank* v. *Ellis,* 172 Mass. 39, 49.)

An allegation in a pleading of the law of a sister state is as we have stated an allegation of fact which is admitted by the demurrer. If the pleading sets forth in detail the statutes and decisions relied upon by the pleader, the question becomes one of law and should be determined as such by the court in deciding the demurrer. A demurrer, in other words, does not admit the interpretation placed by a pleader upon the statutes and decisions specifically referred to or incorporated in a pleading.

In *Finney* v. *Guy* (189 U. S. 335) there was before the court the state statutes together with a reference to the decisions of the state courts, and the pleader by making an averment of the law of the sister state in the form relied upon by him, submitted to the court the meaning of such statute and decisions. It was in that case held in substance that while a demurrer admitted the existence of the decisions and the statutes it did not necessarily admit the interpretation placed upon them by the pleader or the legal conclusion reached by him therefrom.

In *Knickerbocker Trust Co.* v. *Iselin* (185 N. Y. 54) the complaint alleged that by virtue of certain statutes of the state of Maryland enumerated as defined, construed, administered and enforced by the courts of said state, the defendant was personally and individually indebted to the plaintiff in an amount stated. The demurrer although admitting the pleading in the form in

which it was prepared permitted the court to determine the conclusion to be derived therefrom as a matter of law.

In this case the allegations of the defense under consideration are general and by such allegations the law of the states named is stated to be as in the defense alleged, and the statutes or judicial decisions upon which the allegations are based are not before the court from which a conclusion of law can be reached.

The orders should be reversed, without costs, and the defendants' motion to overrule the plaintiff's demurrer should be granted without costs, with leave to plaintiff to withdraw demurrer and leave the questions raised upon the pleadings for determination at the Trial Term, and the question certified should be answered in the affirmative.

Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin and Andrews, JJ., concur.

Orders reversed, etc.