(122 So. 599)

No. 27707.

BUSBY v. BUSBY.

April 22, 1929. Rehearing Denied May 20, 1929.

Dickson & Denny, of Shreveport, for appellant.

Frank Blanchard and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellee.

LAND, J. Plaintiff and defendant were married in Beaumont, Jefferson county, Tex., February 11, 1918.

On November 9, 1918, plaintiff acquired lots 6 and 7 to block 4 of the Allendale Heights subdivision of the city of Shreveport, parish of Caddo, with the buildings and improve-

ments thereon; the purchase having been made by her in the name of "Janie Thomas, widow," as stated in the deed.

On June 25, 1924, defendant caused an affidavit to be recorded in the public records of Caddo parish, in which he claimed that the property in question was bought during the marriage and belonged to the community of acquêts and gains existing between his wife and himself.

In the present suit, plaintiff seeks to have the property in dispute decreed to be her separate and paraphernal property, and to have the affidavit in question canceled and erased from the public records of Caddo parish as a cloud upon her title.

Judgment was rendered in the lower court in favor of defendant, declaring that the property in controversy belongs to the community, and plaintiff has appealed.

The contention of plaintiff that the lots acquired by her in the city of Shreveport were purchased partly with paraphernal funds, owned by her prior to her marriage, and partly with funds derived from her separate business as practical nurse and hairdresser, while living apart from her husband after marriage, is not sustained by the facts of the case.

The evidence convinces us, as it did the trial judge, that plaintiff and defendant were living together as husband and wife in the city of Shreveport, at the time the lots in question were purchased.

It is true that defendant did not reside continuously with his wife in that city, for the reason that he was an edgerman in a sawmill, and worked at various lumber camps in this state and in Texas, and returned home only after payday every two weeks, and sometimes only once a month.

As a mill hand, defendant was earning $5.50 per day, and also derived some income from running a "dump," or cold drink stand, at the lumber camps, at which card and dice games were operated by him.

Defendant testifies that he and plaintiff contributed from their respective earnings towards the purchase price paid by plaintiff for a lot in Nacodoches, Tex., on May 1, 1918. This property was repurchased by the vendor, and the price received was used in part in making the cash payment on the lots bought in Shreveport, La. It is also testified by defendant that he contributed from his earnings in the purchase of this property.

■ The community of acquêts and gains exists under the laws of Texas and of this state, and the Texas laws on the subject are presumed to be the same as our own, in the absence of proof in the record to the contrary.

The community in this state consists of the estates acquired during marriage by purchase, even though the purchase be only in the name of one of the two and not of both spouses, as the period of time when the purchase is made is alone attended to, and not the person who made the purchase. R. C. C. art. 2402.

■ The presumption of law is that property acquired during marriage by either spouse is community. This presumption prevails until it is rebutted by satisfactory proof by the wife that she brought the property into the marriage, or acquired same during marriage with separate funds, or by inheritance, or by donation made to her particularly. Property acquired by the wife during the marriage is her separate property, if the funds with which it is purchased are derived from the earnings of the wife when living separate and apart from her husband, although not separated by judgment of court, or from a business, trade, occupation, or industry carried on by the wife separate from her husband. Act 186 of 1920.

We agree with the trial judge in his finding that plaintiff has failed to establish her claim to the property as constituting her separate and paraphernal estate, and that the property is community.

Judgment affirmed.