BRUNOT, Justice.
 

 The deceased died testate. The 'will was probated. The executors named therein qualified as such, an inventory of the property and effects of the succession was made, and an order to sell property to pay debts of the succession was obtained. Thereafter a petition was filed by Rita Marinoni, wife of John Lewis, claiming to be the legitimate daughter and sole forced heir of the deceased.
 
 *595
 
 She alleges that the deceased and her mother were married at Mississippi City, Miss., on August 25, 1900, after having obtained a marriage license from the clerk of the chancery court of Harrison county, said state. That the license was issued in the name of Hugh Marinoni, but that the deceased and Hugh Marinoni are one and the same person. The petition does not allege a formal marriage ceremony, but it does allege a common-law marriage, in compliance with the laws of Mississippi, and the recognition of such marriages in this state, and the enforcement of the civil and legal effects thereof, as if a formal marriage ceremony had been performed in accordance with the laws of Louisiana. It is alleged that a week or more after the marriage of the deceased and her mother, they moved to New Orleans, where their marriage relationship was continued, and that while residing in Mississippi they were publicly and openly known to be husband and wife. There are other allegations, but they are more or less amplifications of the causes of action stated.
 

 Substantially the same allegations are made in a petition to annul the will of the deceased.
 

 An exception of vagueness was filed, heard, and maintained, and plaintiff filed, on subsequent dates, three supplemental and amended petitions, to meet the exception of vagueness and exceptions of nonjoinder of proper parties. There is a multiplicity of other exceptions in the record, but none of which, except two, need be referred to, for the reason that they are repetitions, by different exceptors, of the exceptions hereinbefore mentioned.
 

 The two exceptions which require reference are an exception of no right of action and an exception of no cause of action. All of the exceptions were, by agreement of counsel, heard at the same time, and the exceptions of no right and no cause of action were maintained and the plaintiff’s suit was, therefore, dismissed at her cost. The appeal is from that judgment.
 

 No written reasons for judgment are in the record, and we have no way of determining upon what theory the learned trial judge reached his conclusions.
 

 In passing upon an exception of no right or no cause of action, the properly pleaded facts must be accepted as true on the trial of that issue. As to the plaintiff’s right and cause of action, she alleges that the deceased and her mother contracted a common-law marriage, in full compliance with, the laws of the state of Mississippi, where the marriage was contracted, and that both parties to the contract openly and publicly held themselves out to be man and wife; that there was no legal impediment to the marriage; that plaintiff is the sole issue of the marriage; that common-law marriages are recognized in this state and the civil effect of such marriages are enforced in Louisiana.
 

 In supplemental petitions the facts noted are amplified and detailed. With these allegations admitted, the case should be heard on the merits. The allegation that the plaintiff is the legitimate child and sole forced heir of the deceased, coupled with the. other allegations in the petitions, set forth, in our opinion, both a right and cause of action.
 

 We are not now concerned with the ultimate proof of ^the truth or falsity of the
 
 *597
 
 pleaded facts.
 
 The
 
 allegations of the petitions are sufficient to permit the offering of testimony to prove or disprove them.
 

 For the foregoing reasons the judgment appealed from should be reversed, the case should be remanded to be reinstated on the trial docket of the civil district court, and tried according to law and the views herein expressed, and it is so ordered; the cost of this appeal to be paid out of the funds of the estate of the deceased.
 

 O’NIELL, C. J., and ROGERS, J., are of the opinion that the judgment should be affirmed, and O’NIELL, O. J., hands down reasons.