For the reasons assigned, the judgment appealed from is affirmed.

FOURNET, J., absent.

190 So. 120

## BATES v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 35119.

May 29, 1939.

Ott & Johnson, of Franklinton, for appellant.

Edward Dinkelspiel, of New Orleans, and Talley & Richardson, of Bogalusa, for appellee.

HIGGINS, Justice.

This is an action by the widow as beneficiary of a life insurance policy, in which her husband was the insured, to recover the sum of $2,500 under the double indemnity clauses of the policy on the ground that the insured's death was accidental or caused by accidental means within the meaning of the provisions of the policy. The defendant filed an exception of no cause of action, which was sustained by the trial judge, who dismissed the suit and plaintiff has appealed.

The petitioner alleges that she is the beneficiary of a life insurance policy issued by the defendant on June 15, 1920, to her husband, as the insured; that the policy was amended on August 10, 1931; that all the premiums due thereon had been paid; that her husband died on December 27, 1937, at the age of 51 years; that the defendant paid the face value of $2,500 of the life insurance, but declined to pay her the additional sum of $2,500 due under the provisions of the policy; and

"IV. That in addition to provisions for the payment to the beneficiary of the face amount of said insurance, the said policy contract contains 'Accidental Death Benefit' provisions as follows:

" 'Accidental Death Benefit Twenty-five Hundred Dollars, payable to the Beneficiary in addition to the Face Amount of Insurance, at the Home Office of the Company, in event of death by accident as defined in the clause headed "Provisions as to Accidental Death Benefit," on the second page hereof, subject to the provisions therein set forth.'

"That the said policy contract also contains the following provision:

" 'Provisions as to accidental death benefit. The amount of Accidental death benefit specified on the first page hereof shall be payable in addition to the Face Amount of Insurance immediately upon receipt of due proof that the death of the Insured occurred during the continuance of this Policy and prior to the maturity of the Policy as an Endowment, while there was no default in the payment of premium, as a result, directly and independently of all other causes, of bodily injuries, affected solely through external, violent and accidental means, of which except in case of drowning or of internal injuries revealed by an autopsy, there is visible contusion or wound on the exterior of the body, and that such death occurred within sixty days of the accident, provided, however, that no Accidental Death Benefit shall be payable if the death of the Insured resulted from suicide whether sane or insane; from having been engaged in military or naval service or in aviation or submarine operations; from a state of war or insurrection; or, directly or indirectly from bodily or mental infirmity or disease in any form.

" 'The Accidental Death Benefit is granted in consideration of the payment of an extra—annual premium of $2.50, which is included in the amount of the premium stated on the first page hereof and which is payable at the same time and subject to the same provisions as to payment as the regular premium under this Policy.'

"VI. That the death of the said William L. Bates was the direct result of an accident which he suffered on the evening of December 24th, 1937; that on said date, between the hour of seven o'clock and eight o'clock p. m., the said William L. Bates subjected himself to a violent exertion and strain in that he jumped over a counter or barrier in his store building known as Jitney Jungle Store No. 2, owned and operated by him and situated on Avenue "F" in the said City of Bogalusa; that the exertion and strain in leaping over said counter or barrier or said strain together with the shock and jar when coming in contact with the floor caused a rupture of a branch of the aorta or some other blood vessel in the lumbar or hip region of his back; that from said rupture of said blood vessel a slow inside bleeding or hemorrhage resulted being immediately accompanied with acute pain and suffering of the said William L. Bates, which bleeding and pain and suffering continued from the moment of the said accident up to the moment of his death.

"VII. That petitioner submitted to the said The Prudential Insurance Company of America proof of the accidental death of. the said William L. Bates by depositing the said proof in the United States Post Office, properly addressed, at Bogalusa, Louisiana, on the 8th day of January, 1938, and that said proof of death was duly received and accepted by the defendant herein not later than the 12th day of January, 1938; that the original of said proof is in the possession of the Prudential Insurance Company of America.

"VIII. That the death of the said William L. Bates, directly and independently of all other causes, was a result of bodily injuries; that said injuries were of an internal nature, i. e., a rupture of a blood vessel caused by strain and exertion of a sudden leap, or shock or jar incident thereto, or both strain and jar, as hereinabove set forth, and as revealed by an abdominal operation made at the Elizabeth Sullivan Memorial Hospital on the afternoon of December 25th, 1937, and as revealed by symptoms manifested by the said William L. Bates and observed by others, and by statements and exclamations made by him during the period intervening from the time of said accident and injury to the time of his death.

"IX. That the defendant herein has defaulted in the discharge of its obligations under the provisions of said contract of insurance in that said defendant has neglected and refused to pay unto your petitioner the accidental death benefit as provided in the said policy contract although amicable demand for the payment of the same has been made after the submission and filing of the proof of the accidental death of the said William L. Bates as hereinabove stated."

Plaintiff amended Article VIII of her petition to show that the abdominal operation was made by competent physicians at the residence of the deceased near the City of Bogalusa instead of the Elizabeth Sullivan Memorial Hospital at Bogalusa, Louisiana, and revealed that he suffered "injuries of an internal nature, i. e:, a rupture of the blood vessel caused by strain and exertion of a sudden leap, or by the shock or jar incidental thereto, or both strain and jar, as hereinabove set forth."

The defendant answered, admitting the issuance of the policy to the deceased with his wife named as beneficiary; that all of the premiums had been paid; that the face value of $2,500 covering the insured's life had been paid in full; that it "admits the policy contains the provisions set forth in Article IV (of the petition) but denies that it is liable to the plaintiff for any part of the amount claimed under the accidental death benefit clauses of the said policy;" and that for lack of sufficient information the other allegations of the original and supplemental petitions are denied.

On the issues as thus joined, the case was set for trial on the merits and after the plaintiff had introduced all of her proof, over the defendant's objections that the testimony and evidence was inadmissible under the pleadings because the plaintiff's petition did not state a cause of action, the defendant, without offering any countervailing proof, closed its case and then filed an exception of no cause of action to the plaintiff's petition.

The learned trial judge, without in any way referring to the evidence introduced by the plaintiff, considered the exception of no cause of action solely and only with reference to the allegations of the plaintiff's petition and having concluded that the petition stated a cause of action for accidental death or death by accident, but not a cause of action for death by accidental means within the meaning of the double indemnity clauses of the policy sustained the exception and dismissed the plaintiff's suit.

It will be noted that plaintiff, in paragraph VI of the petition, alleged that the death of the insured was the direct result of an accident, which he suffered on the evening of December 24, 1937. In paragraph VII, it is alleged that she submitted to the defendant proof of the accidental death of the insured and in paragraph VIII, it is stated that the death of the insured, directly and independently of all other causes, was the result of bodily injuries resulting from the accident.

The policy in three different places referred to the double indemnity clauses as "Accidental Death Benefit" and in the amendment to the policy these clauses are likewise referred to. On the outside fold of the policy the inside provisions are described in the following language:

"Face Amount of Insurance,
$2,500.
(Twice the Above Amount in Event of Death by Accident)
*   *   *   *   *   *   *   *   *
Accidental Death Benefit."

It will also be observed that the defendant in its answer denied "liability to the

plaintiff for any part of the amount claimed under the accidental death benefit clauses of the said policy." It is, therefore, clear, that in this case the defendant insurance company and its counsel have referred indiscriminately and persistently to the double indemnity clauses of the policy not as death by accidental means clauses but as the accidental death benefit clauses. In short, there was no indication of the distinction here sought to be made. It is obvious that the plaintiff and her attorneys treated the double indemnity clauses similarly. Later the defendant and its counsel, in reference to its exception of no cause of action in the lower court and in this court, urged the double indemnity clauses in the restrictive and limited sense of death by accidental means. No where in their objections to the plaintiff's evidence on the ground that the proof was inadmissible because the plaintiff's petition failed to allege a cause of action, or in the exception of no cause of action was it stated that a distinction should be made between accidental death or death by accident and death by accidental means so as to inform the plaintiff upon what ground the objection and the exception were founded.

■ It is well established that an exception of no cause of action based upon an insufficiency of allegations in the petition is really an exception of vagueness, and although it is meritorious and sustained, the plaintiff would still be entitled to amend the petition to supply the want of allegations of fact. Brunson v. Mutual Life Insurance Company of New York, 189 La. 743, 180 So. 506; Reeves v. Globe Indemnity Co. of New York, 185 La.

42, 168 So. 488; McCoy v. Arkansas Natural Gas Company, 184 La. 101, 165 So. 632; Lejeune v. Lejeune et al., 184 La. 837, 839, 167 So. 747; Davis v. Arkansas Southern Railway Company, 117 La. 320, 41 So. 587. The law is also clear that an exception of indefiniteness or vagueness is a dilatory one and should be pleaded in limine litis.

■ In the instant case after issue was joined by an answer to the merits, the defendant, by designating its exception as one of no cause of action, is, in all practical and legal effect, attempting and endeavoring to deprive the plaintiff of her right to amend her petition in order to supply the alleged insufficiency of allegations.

In order to demonstrate how extremely technical the matter was treated, we quote from the reasons of the trial judge:

"I am of the opinion that it was necessary for this plaintiff to allege that this strain or shock was either accidental, unforeseen or unexpected in order for a Cause of Action to be set up under this contract of insurance."

Briefly, if the plaintiff had been afforded an opportunity to insert either of the words "accidental," "unforeseen" or "unexpected" in her petition by amendment, the exception would have been overruled.

In the case of Brunson v. Mutual Life Insurance Company of New York, supra, after an examination of the plaintiff's petition, we concluded that the exception of the defendant denominated as an exception of no cause of action was an exception of

vagueness and overruled it as an exception of no cause of action. In the instant case, even if it be considered that the plaintiff's petition did not state a cause of action due to insufficient allegations, a view most favorable to the defendant, nevertheless, under the well settled jurisprudence, plaintiff was entitled to an opportunity to amend it to supply the deficiency, if possible. Surely, the defendant, by filing the exception after issue was joined and plaintiff's proofs submitted, could not do indirectly what the law would not permit it to do directly by filing the exception in limine litis.

▮ Under the circumstances of this case, in the light of modern jurisprudence, which liberally permits amendments to supply unalleged facts, when possible, and in view of the highly technical distinction between accidental death and death by accidental means, which is so confusing in its practical application, it is our opinion that the defendant should have filed its exception in limine litis, so that even if it were sustained, the plaintiff would have been entitled to her right to amend her petition.

▮ The defendant, as a second ground for its exception of no cause of action, states that while the injuries complained of were alleged to have been internal, yet plaintiff did not allege that an autopsy had been held on the body of the insured, revealing the internal injuries. The plaintiff did allege in paragraphs VI and VIII of the original petition and paragraph VIII of the supplemental petition that the result

of an abdominal operation by competent physicians revealed that the deceased had suffered a rupture of a branch of the aorta or some other blood vessel in the lumbar or hip region of his back as a result of the strain and exertion or the shock or jar or both resulting from the sudden leap and the accident. While it is true the petition does not technically refer to the abdominal operation made by the competent physicians as an autopsy, we again point out that if the defendant had any complaint to make on that score, it should have sought the desired information through the dilatory exception of vagueness, thereby giving the plaintiff an opportunity to amend her petition, in the event the court concluded it was necessary. Our observations with reference to the first point apply equally here.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court is annulled and set aside, the exception of no cause of action is overruled and the case remanded to the district court for further proceedings consistent with the views herein expressed; defendant to pay the cost of this appeal, all other costs to await final disposition of the case.

O'NIELL, C. J., concurs in the decree on the ground that there is no difference between "accidental death" and "death by accidental means," and that the petition in this case states a cause of action, and does not need any amendment.

FOURNET, J., absent.