PONDER, Justice.
 

 In this suit the plaintiff seeks to annul and set aside a contract. The plaintiff asks, in the alternative, for damages for breach of the contract and, in the further alternative, for the reformation of the contract. The suit was dismissed in the lower court by judgment sustaining exceptions of no cause and no right of action and 'the plaintiff has appealed.
 

 The defendant leased a store building in Shreveport from the plaintiff under a written contract for a period commencing January 1, 1927 and ending May 1, 1947 at a rental of $33,000 per year for the first five years, $36,000 for the next five years, and $40,000 a year for the balance of the term. On December 2, 1937, prior to the expiration of the lease, a written agreement was entered into between the parties, the pertinent part of which reads as follows:
 

 “Whereas, the F. W. Woolworth Co. desires to enlarge its store, by utilizing certain portions heretofore sublet to others,, air-condition parts of same, and make certain alterations and improvements in the front and other portions of said premises, the cost of which it wishes to amortize over a longer period than the term provided in the existing lease.
 

 “Now, therefore, in consideration of the premises, and the valuable alterations and improvements to be made on the property by the tenant, F. W. Woolworth Co., the landlord Slattery Co., Inc., agrees that said lease be and the same is hereby amended by this addenda, to create an extension of the lease for an additional period of ten years from May 1st, 1947 to May 1st, 1957, at the same stipulated rental as provided in the lease, to-wit: ($40,000.00 per year divided into monthly payments of $3,333.33 per month, in advance as set forth in said lease.
 

 “It is
 
 further understood that upon the execution of this addenda, the F. W. Woolworth Co., is authorized to proceed with 'the making of all necessary improvements at its own cost and expense and in accordance with its own plans and specifications prepared by its architect. F. W. Woolworth Co. agrees upon the completion of such alterations and improvements, to notify Slattery Co., Inc., of such fact, and to furnish Slattery Co., Inc., with a lien and privilege certificate indicating that no liens have arisen out of such alterations and improvements.”
 

 It is alleged in the petition that the consideration for this second agreement was the promise of the tenant to construct improvements on the building of the value of $91,000. The plaintiff alleges that the agreement is null because of a
 
 *879
 
 potestative condition in that the defendant had not obligated itself to construct the improvements and alleges that the agreement should be set aside because the defendant has violated a 'binding agreement to construct the improvements. Two contradictory causes of action are alleged in the main petition and they are not set forth in the alternative. One cause of action is based on the ground the agreement is not binding because of a potestative condition and the other cause of action is based on the breach of a binding contract. These causes of action could have been set forth in the alternative, but since they were not the plaintiff should have been required to elect upon which cause of action it should pursue. Nichol v. Jacoby, 157 La. 757, 758, 103 So. 33. The contradictory allegations are based on two different interpretations of the contract and not upon contradictory allegations of fact. Under such circumstances, the plaintiff’s suit should not be dismissed, but the plaintiff should have been required to elect which he desired to pursue. Under this view, it is necessary to remand the case because we cannot elect which cause of action the plaintiff should pursue as the plaintiff alone has that right.
 

 The tendency of modern practice is to yield as little as possible to technicalities and to be more liberal in upholding substantive rights instead of subtle technicalities. Southport Mill v. Friedrichs, 167 La. 101, 118 So. 818; Reeves v. Globe Indemnity Company of New York, 185 La. 42, 168 So. 488; Bates v. Prudential Insurance Company of America, 192 La. 1029, 190 So. 120; and City of Gretna v. Gulf Distilling Corporation, 207 La. 719, 21 So.2d 884.
 

 It is contended that, a copy of the agreement having been attached to the petition,, the terms of the agreement should be considered in passing on the exceptions. It is urged that the agreement is indefinite and not binding. While on the other hand the plaintiff contends that parol testimony is admissible to explain the extent of the obligation. These are matters to be taken up on the trial of the merits.
 

 For the reasons assigned, the judgment is reversed and set aside; the case is remanded to the lower court to be proceeded with consistent with the views, herein expressed, with the right of the parties to the controversy to file whatever pleadings they deem appropriate to a proper determination of the cause. All costs to await the final disposition of the case.
 

 O’NIELL, C. J., does not take part.