43 So.2d 678

**WELCH et al. v. JACOBSMEYER et al.**

No. 39141.

Nov. 7, 1949.

Rehearing Denied Dec. 9, 1949.

Fishman, Reuter & D'Aquin, New Orleans, Reid & Reid, Hammond, for plaintiffs-appellants.

Joseph A. Sims, Hammond, and Kemble K. Kennedy, Baton Rouge, for defendants-appellees.

MOISE, Justice.

This appeal taken by the plaintiffs presents but one issue: Were the exceptions of no right and no cause of action properly sustained as the basis for dismissal of plaintiffs' suit?

This litigation is the outgrowth of a succession under administration in the Parish of Tangipahoa, where Mrs. Florence Ellen Summy, widow of Charles D. Summy, the deceased, was domiciled. She left a will in olographic form in which, after making a special bequest to one of the

defendants, she bequeathed the remainder of her estate to the other defendant, Dr. J. Albert Jacobsmeyer, the husband of a predeceased niece. She appointed Dr. Jacobsmeyer as executor of her estate. The will was probated, and the succession was in the process of administration and an account filed when the plaintiffs herein brought this action seeking to have Mrs. Myrtle Marie Adela Welch recognized as the legally adopted daughter of the deceased. Charles J. Whitaker, now deceased, recognized as an adopted son of the decedent (whom he predeceased), and his children (the six minors plaintiff) decreed his sole and only heirs and as such, his representatives and the owners of his alleged interest in decedent's estate. The plaintiffs also pray that the dispositions in the last will and testament of the decedent be reduced to the alleged disposable portion, and that the legitime be reserved to them as forced heirs.

It is an elementary principle of law that in passing upon an exception of no right and no cause of action all of the well-pleaded allegations of the petition must be taken as true, but we do not accept mere conclusions of law. The law exacts of its suitors the pursuit of a real and substantial interest. Article 15, Code of Practice. The origin and progress of our jurisprudence looks to the good of mankind as its basis and the accumulated wisdom of the ages for its improvement. To adopt the conclusions of the pleaders in this in-

stance there should be allegations of fact sufficient to meet the requirements of the law as to the proof of the alleged adoptions. The necessary predicate for the cause of action—regular and legal adoptions—and the supporting facts showing that there were such adoptions under the laws of another State should be pointed out. These are matters of evidence that first must be pleaded before the reception of proof of the law. The law exacts the kind and character of proof. The allegation as pleaded in Article 9 of plaintiffs' petition that " * * * from information and belief petitioners were adopted * * *" is a conclusion of the pleaders, and becomes a mere brutum fulmen in the absence of supporting facts or documents and the law to sustain such conclusion.

The trial court maintained the exceptions on the ground that the laws of the State of Missouri relating to adoptions are presumed to be the same as those of the State of Louisiana, and that, as the formalities requisite to show valid adoptions under the laws of Missouri are absent in the pleadings and there is no proof thereof, there is the presumption that the laws of Missouri are the same as our own. In support of this presumption the trial court cites the cases of Roehl v. Porteous, 47 La.Ann. 1582, 18 So. 645; Mulling v. Jones, 142 La. 300, 76 So. 720; Busby v. Busby, 168 La. 510, 122 So. 599; and Alexander v. Gray et al., La.App., 181 So. 639.

A careful examination of the foregoing cases will reveal that there was no unqualified presumption that the law of another State is presumed to be the same as our own. This presumption prevails only in the absence of proof to the contrary. Here we do not have sufficient allegations to sustain the proof of the laws of the sister state.

The case of Roehl v. Porteous involved an alleged debt arising out of a mortgage foreclosure in the state of Alabama. One of the issues was whether certain formalities prescribed by Alabama law for such foreclosure had been observed. The Court refused to examine the facts in the light of the Alabama law because that had not been pleaded, and therefore it applied the law of our State, and declared [47 La.Ann. 1582, 18 So. 646]:

"The plain facts are that it is not shown that the property was advertised for sale, and that any of the required notices were given. *There is not of record any authentic evidence of the proceedings of foreclosure.* It may be that some of the formalities of foreclosure are legal under the laws of Alabama, such as the offering of the property for sale by public auction by the vice president of the land company, and the dispensing of all notices, save the advertisement.

"They are indispensable to the foreclosure of a mortgage under the laws of this state. *In the absence of all proof regard-*

*ing the foreclosure of mortgages,* it must be presumed that the laws of Alabama are similar, in pari materiae, to the laws of this state." (Italics mine.)

In Mulling v. Jones the validity of an execution on real property in Louisiana was involved, subsequent to securing a judgment in Louisiana against nonresident defendants, based on a confession of judgment obtained from them in the state of their residence, Mississippi. The foreclosure procedure was defective under Louisiana law, as was the original confession of judgment, which the court refused to examine under the foreign law, *since the latter had not been proven,* saying [142 La. 300, 76 So. 721]:

"The learned counsel for the plaintiffs in judgment argue that by the laws of Mississippi a married woman may bind herself and stand in judgment without need of the authorization of her husband; but no proof of that fact has been made, and *until the laws of said state are proved to be different from ours they must be presumed to be the same as ours."* (Emphasis mine.)

In the instant case the difference between the laws of Missouri and our own State is neither alleged, nor pleaded, nor proven, nor for that matter are any "public acts, records or judicial proceedings" submitted to which the full faith and credit clause of the U. S. Constitution, Art. 4, § 1, could be applied.

In the case of Busby v. Busby our court held: "The community of acquêts and gains exists under the laws of Texas and of this state, and the Texas laws on the subject are presumed to be the same as our own, *in the absence of proof in the record to the contrary."* (Italics mine.)

The last case cited in support of the above presumption, Alexander v. Gray, La. App., 181 So. 639, 645, arose out of these circumstances: *There was a written contract of adoption entered into in the State of Kansas which was relied on to establish plaintiff's status as an adopted child. There was no proof of judicial sanction of this instrument nor of the Kansas law relating to adoptions.* In affirming the district court's dismissal, the Court of Appeal of the Second Circuit stated:

*"The laws of the State of Kansas applicable to instruments of this character are not quoted in full nor is their substance given. That the instrument is valid as an adoption under the laws of Kansas is a legal conclusion. In such circumstances, the laws of that state must be presumed to be the same as our own. * ** 

"Judicial cognizance will not be taken of the existence and nature of the laws of a sister state. *When relied upon by a litigant, they must be proven as any other fact in the case."* (Italics mine.)

 Here the plaintiffs allege on *"information and belief * * * they were formally adopted * * * under the laws of Missouri * * *."* While they rely

upon the law of another state to sustain their cause of action, they fail to state with distinctiveness what that law is, as in pleading any other substantive fact, in order that the court may judge of its effect. There are no pleadings nor documents nor records annexed to the petition as to proof of any adoption under the laws of Missouri, and the mere conclusion of the plaintiffs will not suffice. There was no error committed by the trial judge in sustaining the exception of no right and no cause of action.

In passing, we refer to Article 10 of the petition, which reads: "Petitioners further show that an adoption valid under the laws of the State of Missouri must be accorded full faith and credit in Louisiana, although the laws of Louisiana, on the subject of adoption may be different."

The merit of this allegation being admitted, proof must be established that the adoptions were valid under the lex loci before according them full faith and credit in the forum. The mere quoting of the provision of the Constitution relating to this subject is conclusive of its inapplicability here: "Article IV, Section 1: Full Faith and Credit shall be given in each State to the *public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.*"

It is our conclusion that the judgment appealed from sustaining the exception of no right or cause of action and dismissing plaintiffs' suit is correct, and it will therefore be affirmed.

Judgment affirmed at plaintiffs' costs.

McCALEB, Justice (dissenting).

With respect to the claimed adoptions in Missouri, the petition declares:

"5. Petitioners show that the said decedent had no children of her own, and that in or about the year 1908 or 1909, she regularly adopted her said nieces and nephews *in accordance with the laws of the State of Missouri,* wherein the said decedent and her husband maintained their domicile, * * *.

"9. Petitioners now show that they are informed and believe and on such information and belief, allege that they were formerly (formally) adopted by the said decedent and her said husband, Charles .D. Summy, but they have been unable to locate any formal written Act of Adoption, but that the said decedent and her husband had voluntarily taken the said children into their home, assuming the status of parents, reared and educated the children as their own, gave them their surname, obtained the children's companionship and services, and in all things, having treated the said children as their own, they and all persons holding by, under .or through them are estopped, *under the laws of Missouri,* from asserting a lack of statutory adoption." (All italics and word in parenthesis mine.)

It is my opinion that the foregoing not only clearly expresses the claim of appellants that they are relying on the Missouri law to establish the legality of their adoptions but that the averments on that score are allegations of fact which must be accepted as true in determining whether the petition states a cause of action.[1]

It is, of course, fundamental that appellees could have required appellants (under an exception of vagueness) to plead with particularity the statutes or adjudications of Missouri upon which they are depending as a predicate for the statement that they were legally adopted under the law of that state. And, if the law cited (in response to a demand be adjudged not to support the allegation, then the petition could be dismissed on an exception of no right or cause of action without the necessity of the court having a hearing on the merits. This is exactly what was held by this court on the rehearing in Succession of Marinoni, 177 La. 592, 148 So. 888, 892. There, the plaintiff alleged that her mother had entered into a common-law marriage with the decedent in Mississippi and that such marriages were valid in that state. The court sustained an exception of no cause of action and dismissed the suit but not on the ground that the law of Mississippi was not pleaded. On the contrary, the decision is based on the finding that Mississippi did not, as a matter of fact, sanction common-law marriages. The court said: "Having considered the matter further, the court has concluded that a suit founded upon what is alleged to be the law of another state is subject to dismissal on a demurrer, or an exception of no cause or right of action, if in fact the law of that state is not what the plaintiff says it is. It is true that the law of a state other than that in which the law is invoked must be proved, as a matter of fact, if the allegation as to what the law is is not demurred to. That is because the state courts do not take judicial cognizance of—because they are not supposed to know —the laws of other states. But, when a suit in a state court is founded upon what is alleged to be the law of another state, the defendant may require the plaintiff to cite specifically the statute or statutes, or judicial decision or decisions, on which the suit is founded; and, if the reference to the law relied upon discloses that the plaintiff has no cause or right of action, the court is not compelled to hear evidence on the facts alleged, before dismissing the suit. The case is then of the character of a suit founded upon a written instrument showing upon its face that the plaintiff has no cause or right of action."

So, in the instant case, it may be that the law of Missouri does not support appellants' allegation but this does not furnish a valid reason for concluding that ap-

1. See Finney v. Guy, 189 U.S. 335, 23 S.Ct. 558, 47 L.Ed. 839 and Hanna v. Lichtenhein, 225 N.Y. 579, 122 N.E. 625, cited with approval in Succession of Marinoni, 177 La. 592, 148 So. 888.

pellants have not pleaded and are not relying upon the Missouri law as a basis for the rights which they are seeking to have recognized.

Moreover, even if the allegation be regarded as insufficient in failing to detail the statutes and laws of Missouri, the maintenance of the exception of no cause of action does not authorize the absolute dismissal of the suit and appellants should be given an opportunity to amend. See Brunson v. Mutual Life Insurance Company of New York, 189 La. 743, 180 So. 506; Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488, McCoy v. Arkansas Natural Gas Company, 184 La. 101, 165 So. 632; Lejeune v. Lejeune et al., 184 La. 837, 839, 167 So. 747; Davis v. Arkansas Southern Railway Company, 117 La. 320, 41 So. 587 and Bates v. Prudential Insurance Company of America, 192 La. 1029, 190 So. 120, 122.

I respectfully dissent.

McCALEB, J., dissents from a refusal of a rehearing.