89 So.2d 122

UNITED CARBON COMPANY

v.

MISSISSIPPI RIVER FUEL CORPORATION.

No. 41308.

June 11, 1956.

McHenry, Lamkin, Snellings & Breard, Monroe, Herold, Cousin & Herold, Shreveport, for plaintiff-appellant.

Shotwell & Brown, Monroe, for defendant-appellee.

PONDER, Justice.

This is an appeal from a judgment sustaining an exception of no cause of action and dismissing plaintiff's suit.

It is alleged in the plaintiff's petition that the defendant obligated itself to purchase 17% of its gas volume requirements in the operation of defendant's pipeline; that the defendant breached the contract from December 1, 1949, to February 2, 1952 (when the contract expired), by failing, neglecting, and refusing to accept delivery of the gas which plaintiff had made available; that the gas was tendered and formal notice of default was served on defendant; that this situation subjected the volume of gas tendered and refused to natural depletion and drainage; that the amount claimed by the plaintiff is the sum set out in the contract; in the alternative the plaintiff seeks the full amount called for

in the contract as damages for breach of same. The plaintiff seeks to recover $794,599.85 with legal interest as actual loss and damages for the breach of the contract. The defendant interposed an exception of no cause of action which was sustained by the lower court and plaintiff's suit was dismissed. The plaintiff has appealed.

It appears from the written reasons of the trial judge that he was of the opinion that the contract was not a contract of sale but a contract to sell and that the only remedy available to the plaintiff was a suit for specific performance during the life of the contract which has now expired.

The appellant contends that it has done all that it was required to do under the contract by tendering delivery which was refused and that, therefore, it is entitled to recover the contract price from the defendant who was in default. On the other hand, appellee contends that facts in support of the damage were not alleged in plaintiff's petition. In support of this argument, the appellee cites Hart v. Standard Oil Co., 168 La. 183, 121 So. 737 and Louisiana Gas Lands, Inc., v. Burrow, 197 La. 275, 1 So.2d 518. These cases are not applicable because they involved entirely different problems, viz.: cancellation of an oil and gas lease.

The appellee takes the position that the allegation in plaintiff's petition as to depletion and drainage is nothing more than conclusions of the pleader.

■ From a reading of the petition, it is apparent that a contract of sale is alleged. It is alleged that the seller agreed to sell and the buyer agreed to purchase a stipulated amount of gas at a set price. Under the provisions of Article 2549, LSA–C.C., the buyer is obligated to pay the price of the sale and to receive delivery of the thing. While the petition in this case might be subject to an exception of vagueness it does not, when read as a whole, fail to disclose a cause of action. The petition sets forth the pertinent parts of the contract, the delivery of the gas, the refusal of the defendant to accept it and the placing of defendant in default. It sets forth that the situation "subjected the volume of gas which Mississippi [(defendant)] has bought but failed and refused to accept delivery to natural depletion and drainage by others in the field." (Brackets ours.)

■ Ever since the case of Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488, was handed down by this Court in the year 1936, the tendency of modern practice is to yield as little as possible to technicalities and to be more liberal in upholding substantive rights instead of subtle technicalities. Slattery Company v. F. W. Woolworth Company, 214 La. 876, 39 So.2d 161 and authorities cited therein. An exception of no cause of action based on the insufficiency of allegations in the petition is in effect an exception of vagueness and

the plaintiff should be afforded the opportunity to amend his petition rather than dismiss his suit. Bates v. Prudential Ins. Company of America, 192 La. 1029, 190 So. 120 and authorities cited therein. He should be given the opportunity to supply, if possible, the needed allegations. Reagor v. First National Life Insurance Company, 212 La. 789, 33 So.2d 521 and authorities cited therein.

For the reasons assigned, the judgment of the lower court is reversed and set aside, the exception of no cause of action is overruled and the case is remanded to be proceeded with according to law; costs of this appeal to be paid by appellee, all other costs to await the final disposition of the case.