344 So.2d 448 (1977)
Andrew R. JOHNSON, Plaintiff-Appellee,
v.
John W. McCORVEY, Sr., et al., Defendants-Appellants.
No. 13166.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
Rehearing Denied April 25, 1977.
*449 James M. Dozier, Jr., Farmerville, for defendants-appellants John W. McCorvey, Sr. and Lorene McCorvey Johnson.
Armand F. Rabun, Farmerville, for defendants-appellees King R. Johnson, Jr. and Mrs. Ross V. Hickey.
Barham, Adkins & Coleman by Tommy J. Adkins, Ruston, for plaintiffs-appellees Richard Andrew Johnson and Ronald G. Coleman, Administrator of Estate of King R. Johnson, Sr.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied April 25, 1977.
PRICE, Judge.
Richard Andrew Johnson brought this action against his stepmother, Lorene McCorvey Johnson, and her brother, John W. McCorvey, Sr., to annul as a simulation a deed and loan executed by plaintiff's father disposing of his entire estate a short time prior to his death. Plaintiff also seeks damages against the defendants for conspiring to deprive him of his legal inheritance. The brother and sister of plaintiff, King R. Johnson, Jr. and Mrs. Ross V. Hickey, intervened to claim any rights of inheritance they are entitled to as forced heirs should plaintiff be successful in his nullity action.
Plaintiff and intervenors are the issue of the marriage of King R. Johnson, Sr. to Louise Johnson, which was terminated by divorce. King Johnson, Sr. married Lorene McCorvey in 1960 in Tennessee and they thereafter established their domicile in Union Parish in 1970, where it remained until Johnson's death in March, 1974. No issue was born of this marriage.
At the time he moved to Union Parish, decedent purchased a twenty-acre tract with a residence from his brother-in-law, John McCorvey, for $13,000. He spent a substantial sum in remodeling and enlarging the residence and also built a small store building on the part adjacent to the highway. The estimated cost of the improvements was approximately $19,000. In 1971, he sold inherited property in Tennessee for $160,000, receiving $42,728 in cash and a note payable in four annual installments of $29,198.75, plus interest. Two of the installments had been paid on this note prior to decedent's death.
Decedent learned on November 14, 1973, after being hospitalized in Union Memorial Hospital in El Dorado, Arkansas, that he was suffering from an advanced stage of cancer. On this same date decedent executed a deed in his hospital room conveying the twenty-acre tract back to his brotherin-law, McCorvey, for a recited cash consideration of $10,500.
On December 3, 1973, decedent executed a promissory note to McCorvey in El Dorado representing a loan of $50,000. To secure the purported loan, decedent pledged the note given him for the credit portion of the sale of the Tennessee property on which *450 there was an approximate balance owed of $60,000. The next day, December 4, decedent again entered the hospital for surgery. His health continued to decline until his death on March 1, 1974.
Decedent left a will with only one bequest, a $10 legacy to Richard Johnson. The will was not probated because his widow decided there was no property in his estate. To comply with an exception of nonjoinder of indispensable parties, an administrator of the decedent's estate has been appointed.
Plaintiff contends the sale and loan are simulations made for the sole purpose of depriving him of his inheritance and both transactions should be annulled. The district court rendered judgment annulling the sale and loan, but rejected plaintiff's claim for damages. Mrs. Johnson and McCorvey have appealed and plaintiff, Richard Andrew Johnson, has answered the appeal requesting he be awarded damages for the denial of his inheritance. The trial court's decision is affirmed for the following reasons:
The defendants contend the trial court lacked jurisdiction to determine the validity of the loan because the contract was perfected in Arkansas, and the notes evidencing and securing the loan were located outside of Louisiana.
Defendants presented no evidence to demonstrate the law of Arkansas governing the question at issue. In the absence of such evidence, the court must presume that the applicable law is the same as the law of Louisiana. Welch v. Jacobsmeyer, 216 La. 333, 43 So.2d 678 (1949); Cambre v. St. Paul Fire and Marine Insurance Co., 331 So.2d 585 (La.App. 1st Cir. 1976), writ denied 334 So.2d 434, 435 (La.1976); Succession of Shadrick, 129 So.2d 606 (La.App. 2d Cir. 1961).
Forced heirs may attack simulated obligations made by their parents. LSA-C.C. Art. 2239. Should a reasonable doubt be created as to the validity of the transaction, the burden of proof switches to the opposing party to dispel the doubt as to the authenticity of the contracts. Smith v. Smith, 239 La. 688, 119 So.2d 827 (La.1960); Ingram v. Freeman, 326 So.2d 565 (La.App. 3d Cir. 1976), writ denied 329 So.2d 755, 757 (La.1976); Joyner v. Batchelor, 206 So.2d 744 (La.App. 2d Cir. 1968).
The evidence in this case clearly creates a reasonable doubt as to the validity of the sale and loan. The parties to the transactions are close relatives. Decedent transferred title to the matrimonial domicile to McCorvey on the same date he learned of his cancer. After the sale, decedent and his wife continued to live on the land rent free until decedent's death. Mrs. Johnson was living on the property rent free at the time of trial. The retention of the land by the vendor creates a presumption of invalidity as to the sale. Article 2480. In addition, decedent sold the property for less than his purchase price even though he had made substantial improvements on the land. McCorvey could not adequately prove the payment of the purchase price. Although a friend of decedent and McCorvey was called to decedent's residence to witness the exchange of $10,500 three days after the execution of the deed, there are no bank records indicating Johnson's subsequent deposit of the purchase price. This collection of facts clearly establishes a prima facie case of simulation which has not been refuted by defendants. The trial court correctly held the sale of the immovable property to be null and void.
The loan transaction was completed under similar circumstances. Decedent signed the note to McCorvey purporting to evidence a loan for $50,000 the day before he had a critical cancer operation. The note pledged to secure this loan depleted the final significant part of decedent's estate. The circumstances surrounding the loan create suspicions in the mind of a reasonable person. Decedent was not in any financial stress. On the date of the loan, he had over $18,000 in his checking account and was carrying nearly $13,000 on his person. Decedent's widow testified that the loan was needed to pay medical expenses. However, the evidence demonstrates that insurance and Medicare paid all *451 but $1,633.62 of the medical bills. Although the parties again had friends witness the actual transfer of the money, there is no further record of its retention by Johnson. McCorvey has not shown with any degree of acceptability his financial ability to have made such a large loan. The trial court correctly declared the loan a simulation and ordered it annulled.
Although Mrs. Johnson and McCorvey apparently acted to prevent Richard Johnson from receiving his inheritance, there is an absence of specific evidence of intent which is necessary to prove an actual fraud. See Succession of Nelson, 224 La. 731, 70 So.2d 665 (La.1953). The trial court was, therefore, correct in denying plaintiff's claim for damages.
The judgment is affirmed. Costs of this appeal are assessed to the appellants, Lorene Johnson and John W. McCorvey, Sr.