DUFRESNE, Judge.
Mrs. Mary T. Billa (plaintiff) instituted an action in the trial court, alleging that acts transferring property belonging to her deceased father to her half-brother and step-mother were mere contractual shams and simulations. After trial on the merits, the trial judge rendered judgment against the plaintiff, stating that the plaintiff had not proven her case by the preponderance of the evidence. From that judgment, plaintiff appeals.
On appeal, the plaintiff sets forth the following specifications of error:
1.) The trial court erred when it held that plaintiff failed to prove her case by the preponderance of the evidence.
2.) The trial court erred in not recognizing that the facts as proved by plaintiff show that no consideration was paid for the dation en paiement executed by her father to his second wife (i.e., plaintiffs step-mother).
3.) That the trial court erred in holding that there was valid consideration for the sale by her father to his son (i.e., plaintiff’s half-brother).
The basic facts involved in this litigation, which are germane to the subject appeal are as follows:
An action was instituted by Mary T. Billa (plaintiff), the daughter of the late Louis A. Billa, Jr., who died March 16, 1980. The plaintiff is the only child of the first marriage of her deceased father to Antoinette Pascal, which marriage ended in divorce in 1932. The lawsuit was brought against her half-brother, Louis A. Billa, Jr., who is the only child of the second marriage of her late father to Salvatora T. Taravella, who died in 1971.
The plaintiff alleges that the transactions executed by her deceased father, one to his second wife and the other to his son, are simulated contracts or disguised donations.
The plaintiff argues that the first transaction is a purported act of dation en paiement by her father to his second wife, dated November 14, 1969. This act transferred the property located at 1026 Derbigny Street, in Gretna, Louisiana.
The second transaction, the plaintiff alleges, is a purported credit sale by her father to his son, dated June 20,1974. This transaction (i.e., act of sale) concerns the property located at 1030 Derbigny Street, in Gretna, Louisiana.
Furthermore, the plaintiff argues that her late father retained possession of all properties until his death, and particularly collected rents on the property transferred to the plaintiff’s half-brother. The plaintiff contends that her late step-mother (i.e. *1233 her late father’s second wife) never had sufficient funds to advance (loan) to her father for the purchase and construction of the residence located at 1026 Derbigny Street, in Gretna, which was the property transferred to her step-mother by the dation en paiement. Additionally, plaintiff asserts that her half-brother failed to pay full consideration to her father for the property transferred to him.
The errors presented on appeal can be formulated into one brief issue:
Was there sufficient evidence and testimony produced by plaintiff to support her contention that either the dation en paiement or the credit sale were simulated contracts?
It is well settled that the test of the sufficiency of the evidence in a civil case, whether direct or circumstantial, is whether the evidence, taken as a whole, shows the fact sought to be proved is more probable than not. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972). Following the above line of eases, the plaintiff did not establish her case beyond the point in which rational thinking persons could differ as to the outcome.
Although the appellant has argued and we are aware of Johnson v. McCorvey, 344 So.2d 448 (La.App. 2nd Cir.1977) in which the Second Circuit has indicated that “Should a reasonable doubt be created as to the validity of the transaction, the burden of proof switches to the opposing party to dispel the doubt as to the authenticity of the contracts.” However, in this case, we are of the opinion as was the trial judge, that there was not sufficient evidence to support the contentions of the plaintiff and no reasonable doubt has been created as to the validity of the transactions. Mere allegations and suppositions do not meet the test of the type of evidence needed to question the authenticity of contracts.
A corollary to resolving this appeal is a reiteration of the law concerning appellate review of factual issues. Our review of factual issues is controlled by the principle established by the Louisiana Supreme Court in Canter v. Koehring Company, 283 So.2d 716 (La.1973) and delineated further by our Supreme Court in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In those two cases, the standard of review to be applied to factual determinations by the triers of fact, whether judge or jury, was declared to be manifest error. Manifest error was defined as meaning clearly wrong. Therefore, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding of the trier of fact (i.e., in this case, the trial court); there must be a further determination that the record establishes that the finding is not clearly wrong (i.e., manifestly erroneous). Therefore, our review of the factual determinations consists of a review of the record to establish whether the court was clearly wrong.
As an appellate court, we must give great weight to the reasonable evaluations and inferences of fact made by the trial court. In applying that principle to this case, although one could reach an opposite result, there is insufficient evidence to hold that the decision of the trial court was clearly wrong in its conclusions.
For reasons given above, we affirm the judgment of the trial court. The costs of this appeal are assessed to appellants.
AFFIRMED.