FINDINGS OF FACT
DUFRESNE, Judge.
Pursuant to the order of the Supreme Court of Louisiana on March 25, 1983, we submit the following findings of fact, 428 So.2d 806.
The plaintiff-appellant has alleged that two transactions executed by her deceased father, one to his second wife and the other to his son, are simulated contracts or disguised donations.
In the first transaction, the plaintiff contends that the dation en paiement should be rescinded since Louis Billa, Sr. could not be indebted to his wife, Salvatora Theresa Ta-ravella Billa, thus the transaction was a simulation.
The record indicates that the attorney who prepared the dation en paiement testified that the Billa and Taravella families lived frugally but were financially well off people. Likewise, other witnesses testified that Theresa Taravella Billa did work all of her life and could have accumulated separate funds which she could have loaned to her husband to build a home. No positive evidence was presented to the trial court that she did not have such funds available. Although the plaintiff has made various allegations as to the financial affairs; the record so indicates that no one was familiar with the financial affairs of either Louis A. Billa, Sr. or his wife, Salvatora Taravella Billa.
The trial court in its reasons for judgment from the bench indicated “we have in the bearest of circumstantial evidence and it does not merit the burden of proof in my mind.”
Likewise, this court in reviewing the record, agrees with the trial judge that the evidence so presented was circumstantial and mere allegations, and not sufficient enough to transfer the burden of proof to the defendant as to the validity of the transaction.
In the second transaction, the plaintiff contends that the purported credit sale by her father to his son should be voided, since it is a disguised donation. In this instant the record is replete with evidence that was not refuted by the plaintiff, that the defendant had purchased the subject property. The defendant testified that the sale was passed before William J. White, attorney from Gretna. Mr. White testified he remembers the check for $10,000 down-payment being given from Mr. Billa, Jr. to Mr. Billa, Sr. at the time the sale was passed in his office. The defendant further testified that he did present this check on the day the sale was passed and that he also gave his father the second check for $10,000 on May 14, 1975, one year later. Both cancelled checks were presented at the trial and introduced into evidence and properly identified to the court.
At the conclusion of the trial, the attorney for the plaintiff' when asked by the court if the above $20,000 was paid on the basis of clear evidence, he indicated “we may have to admit that.”
*170 Based on this evidence and record, the trial court dismissed the plaintiffs case at her cost.
Accordingly, we make the above findings of fact in support of our judgment of November 10, 1982, 423 So.2d 1231, and submit same to the Louisiana Supreme Court as per their order of March 25, 1983.